**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Jason Adam LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 2003.
Filed March 28, 2003.

Kristin L. Rice, Gettysburg, for appellant.

Matthew D. Fogal, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

Before: JOHNSON, LALLY–GREEN and POPOVICH, JJ.

POPOVICH, J.:

¶ 1 Appellant Jason Adam Lee appeals the order entered March 27, 2002, in the Court of Common Pleas of Adams County, that denied Appellant's first petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant's petition was timely filed, and a hearing was held on March 6, 2002. Upon review, we affirm the order.

¶ 2 The relevant facts and procedural history are set forth in the PCRA court's Opinion of May 3, 2002, as follows:

On December 8, 1999, a criminal complaint was filed, charging [Appellant] with several offenses arising out of the allegation that, while age 20, [Appellant] engaged in oral and vaginal intercourse with a 15 year-old juvenile.

On January 22, 2001, [Appellant], together with counsel, appeared before President Judge Oscar F. Spicer (now retired) and entered a plea of guilty to Count I, Involuntary Deviate Sexual Intercourse, 18 Pa.C.S.A. § 3123(7), as a felony of the first degree, wherein he admitted that the juvenile did have oral sexual intercourse with him. The Commonwealth agreed not to pursue mandatory sentencing, 42 Pa.C.S.A. § 9718(a) (5 year minimum), in exchange for an agreed sentence of 2 years to 4 years, 364 days. [Sentencing was deferred and Appellant] was advised that he would be subject to mandatory registration and would have to undergo an assessment to determine if he [was] a violent sexual predator.

On April 4, 2001, [Appellant] moved to withdraw his guilty plea [prior to sentencing]. On May 10, 2001, he appeared before Judge Spicer and withdrew [his motion to withdraw his guilty plea] and agreed to proceed with sentencing in accordance with the plea agreement. The effective date of sentence was May 27, 2000.

On May 23, 2001, [Appellant] filed another motion to withdraw his guilty plea. [Appellant] appeared before Judge Spicer, and the effective date of the sentence was amended to March 27, 2000 [by order of court entered August 9, 2001].

PCRA Court Opinion, 5/3/2002, at 1.

¶ 3 Appellant did not file a direct appeal to this Court following the modification of his sentence. Rather, on October 2, 2001, Appellant filed a petition pursuant to the PCRA. The PCRA court held a hearing on March 6, 2002, and denied the petition on March 27, 2002. Appellant filed a timely Notice of Appeal to this Court on April 26, 2002. The PCRA court did not order Appellant to file a Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P.1925(b), but the PCRA court did author an Opinion in this case.

¶ 4 Appellant presents one question for our review:

Was Appellant's guilty plea involuntary and trial counsel ineffective due to failure of trial counsel or the trial court to advise Appellant that a DNA sample would be required upon conviction of Appellant pursuant to the DNA Detection of Sexual and Violent Offenders Act (35 Pa.C.S.A. § 7651.101, *et seq.*)?

Appellant's brief, at 3.

¶ 5 We first note that Appellant has raised a cognizable claim under the PCRA. A petitioner is eligible for collateral relief if he or she pleads and proves by a preponderance of the evidence:

(2) that the conviction or sentence resulted from one or more of the following:

\*     \*     \*     \*     \*     \*

(ii) Ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S.A. § 9543(a)(2).

¶ 6 Claims challenging the effectiveness of trial counsel's stewardship during a guilty plea are cognizable under 42 Pa. C.S.A. § 9543(a)(2)(ii). *See Commonwealth ex rel. Dadario v. Goldberg*, 565 Pa. 280, 285, 773 A.2d 126, 130 (2001).

 ¶ 7 Appellant asserts that trial counsel failed to advise him that after pleading guilty to Involuntary Deviate Sexual Intercourse, he would be required to offer a DNA blood sample pursuant to the mandatory testing provisions of the DNA Detection of Sexual and Violent Offenders Act, 35 P.S. §§ 7651.101–7651.1102. *See* 35 P.S. § 7651.306(a)(1).

¶ 8 Reviewing the merits of Appellant's claim, we find that his guilty plea was not unlawfully induced due to trial counsel's failure to inform Appellant of the requirements of 35 P.S. § 7651.306. We find that the requirements of 35 P.S. § 7651.306 are a collateral consequence of a guilty plea. As the Commonwealth Court has held, "The collection of blood for identification and establishment of a DNA data bank is, like fingerprinting and photographing, a non-penal, administrative requirement." *Dial v. Vaughn*, 733 A.2d 1, 5 (Pa.Commw.1999). The appellate courts of this Commonwealth have held many times previously that a defendant's lack of knowledge of the collateral consequences of a guilty plea does not render a plea unknowing or involuntary. *Commonwealth v. Frometa*, 520 Pa. 552, 555 A.2d 92 (1989) (plea valid even though defendant not informed he would face deportation as a result of plea); *Pennsylvania*

*Department of Transportation v. Johnson*, 434 Pa.Super. 1, 641 A.2d 1170 (1994) (guilty plea to various drug charges could not be withdrawn based on fact defendant was not told that his driver's license would be suspended for ninety days due to entry of plea).

¶ 9 As we have determined that the requirements of 35 P.S. § 7651.306 are a collateral consequence that does not undermine the validity of Appellant's guilty plea, we affirm the PCRA court's order of March 27, 2002.

¶ 10 Order affirmed.