J-S22013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID BELTON | |
| Appellant | No. 1147 WDA 2014 |

Appeal from the PCRA Order June 18, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0008378-2012

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 15, 2015**

Appellant, David Belton, appeals from the order that dismissed his petition pursuant to the Post Conviction Relief Act ("PCRA") without a hearing.  We affirm.

In the underlying criminal action, Belton was charged with one count of simple assault arising from an incident outside a nightclub in which he struck his ex-girlfriend with a closed fist.  On November 28, 2012, he appeared in court with privately retained counsel, intending to plead guilty to the charge pursuant to a plea agreement with the Commonwealth. However, the trial court observed that Belton had a significant prior record score and had recently been released from prison on an unrelated assault

_____

[*] Retired Senior Judge assigned to the Superior Court.

charge. As a result, the trial court indicated that it was reluctant to agree to be bound by the sentencing terms of the plea agreement.

Belton responded by expressing remorse for the incident and claiming that he was attempting to reform. Of particular relevance to Belton's subsequent PCRA petition, the trial court responded to Belton's request for leniency by observing that there was nothing to think about, as the crime had been caught on videotape. After consulting with his attorney, Belton indicated that in the absence of the agreement on sentencing, he would proceed to trial. His privately retained counsel immediately withdrew from the case.

Nearly two months later, Belton returned to the trial court, this time with appointed counsel. Appointed counsel stated that she had just been assigned to Belton, but that she had spoken to Belton at the prison, and that he wanted to plead guilty. Appointed counsel further indicated on the record that she was not prepared to proceed to trial, as she had received no discovery from the Commonwealth or Belton's prior counsel. Furthermore, appointed counsel informed the court that the probation department had no objections to the negotiated plea agreement's sentencing terms.

The trial court once again stated that it was not willing to be bound by the terms of the negotiated agreement. In response, appointed counsel indicated that Belton wished to proceed despite the absence of the negotiated sentencing terms. The trial court advised Belton that it desired

to review a pre-sentence report before sentencing him, as it might work in Belton's favor. However, appointed counsel stated that Belton did not want to wait for the preparation of a pre-sentence report; he wanted to proceed with sentencing immediately.

The trial court proceeded with the guilty plea colloquy and sentenced Belton to a term of imprisonment of one to two years. No direct appeal was filed. On November 12, 2013, Belton filed a timely *pro se* PCRA petition. The PCRA court appointed counsel to Belton, who then filed an amended PCRA petition.

Prior to filing the amended PCRA petition, counsel filed a request for special discovery from the Commonwealth. At issue was the alleged videotape of the crime. Despite the fact that the PCRA court denied the request, the Commonwealth engaged in an investigation to locate the videotape. After several inquiries by the Commonwealth, the assistant district attorney indicated that the tape no longer existed, and that it was unlikely to ever have been in the Commonwealth's possession. In the amended petition, Belton argued that appointed counsel had been ineffective by failing to learn of the absence of the videotape before allowing Belton to plead guilty. After notice of its intent to dismiss, the PCRA court dismissed Belton's amended petition on June 18, 2014. This timely appeal followed.

On appeal, Belton argues that the PCRA court erred in dismissing his petition without a hearing. While split into two sub-arguments, this

argument ultimately resolves into an allegation that appointed counsel was not appropriately prepared to advise Belton on the guilty plea. Thus, the argument raises an ineffective assistance of counsel claim.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled. We must examine whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one of the errors listed in 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii). *See Commonwealth v. Albrecht*, 720 A.2d 693, 698 (Pa. 1998). Section 9543(a)(2) requires, *inter alia*,

> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2)(i)-(viii).

Belton argues that trial counsel was ineffective in advising him with respect to the guilty plea. In addressing Belton's claim of counsel's ineffectiveness, we turn to the following principles of law:

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005). Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008). This Court will grant relief only if Appellant satisfies each of the three prongs necessary to prove counsel ineffective. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007). Thus, we may deny any ineffectiveness claim if "the evidence fails to meet a single one of these prongs." *Id*., at 321 (citation omitted).

"A criminal defendant has the right to effective counsel during a plea process…." *Commonwealth v. Hickman*, 799 A. 2d 136, 141 (Pa. Super. 2002). "Claims challenging the effectiveness of plea counsel's stewardship during a guilty plea are cognizable under 42 [Pa.C.S.A.] § 9543(a)(2)(ii)." *Commonwealth v. Lee*, 820 A.2d 1285, 1287 (Pa. Super. 2003) (citation omitted). In *Commonwealth v. Morrison*, 878 A.2d 102 (Pa. Super. 2005), the panel explained that we review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, *see generally Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999), under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. *See, e.g.,* [*Commonwealth v.*] *Allen*, 557 Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)] ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the

ineffectiveness caused appellant to enter an involuntary or unknowing plea.")….

*Id*., at 105 (quoting **Commonwealth v. Flanagan***, 578 Pa. 587, 608-609, 854 A.2d 489, 502 (2004)) (brackets in original). "This standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea." *Id*. (citation omitted). "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." **Commonwealth v. Hickman**, 799 A. 2d 136, 141 (Pa. Super. 2002).

"[A] defendant is bound by the statements which he makes during his plea colloquy." **Commonwealth v. Barnes**, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As a result, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." *Id*.; **Commonwealth v. Yeomans**, 24 A.3d 1044 (Pa. Super. 2011).

Here, the record indicates that Belton was aware that appointed counsel did not have the opportunity to review the strength of the Commonwealth's case against him. **See** N.T., Guilty Plea, 1/22/13, at 5 ("I know I certainly am not [ready to go forward today], considering I have absolutely no discovery other than the affidavit in the file.") Furthermore, appointed counsel repeatedly indicated that Belton desired to resolve this case and plead guilty immediately. **See id**., at 3; 6; 8. Appointed counsel

also stated that Belton desired to waive the pre-sentence report, as "he just wants to get it over with today, your Honor." *Id*., at 8.

Belton never objected to these statements made by appointed counsel. More importantly, Belton does not allege in his PCRA petition that appointed counsel misrepresented his desires at the guilty plea, or that counsel even advised him to accept the guilty plea. This Court has consistently recognized that "[t]he decision whether to plead guilty or contest a criminal charge is probably the most important single decision in any criminal case. This decision must finally be left to the client's wishes; counsel cannot plead a man guilty, or not guilty, against his will." *Commonwealth v. Chazin*, 873 A.2d 732, 735 (Pa. Super. 2005) (citation omitted). The transcript from the guilty plea hearing establishes that Belton desired to plead guilty despite knowing that appointed counsel had not yet received any discovery. As Belton did not plead in his petition that appointed counsel misled him, misrepresented his desires, or otherwise misspoke at the guilty plea hearing, he cannot establish that appointed counsel was ineffective for acceding to his evident desire to plead guilty. Thus, neither of Belton's arguments on appeal merit relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

- 8 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/15/2015</u>