J-S23004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARVAY DAVIS, | |
| Appellant | No. 1628 EDA 2015 |

Appeal from the PCRA Order entered May 1, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0012420-2009
CP-51-CR-0012421-2009

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 03, 2016**

Jarvay Davis ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant entered a negotiated guilty plea to burglary and related charges at two separate dockets. In exchange, the Commonwealth withdrew multiple other charges and agreed to recommend a de-mandatorized aggregate sentence of nine to eighteen years of imprisonment. On July 19, 2012, the trial court sentenced Appellant in accordance with the plea agreement. Appellant filed neither a post-sentence motion nor a direct appeal.

Appellant filed a timely *pro se* PCRA petition, the PCRA court appointed counsel, and PCRA counsel filed an amended petition. Within this petition,

Appellant asserted his plea counsel misinformed him that "the two burglaries he was charged with . . . would have been his second and third strikes under Pennsylvania's Three Strikes Law and that the mandatory sentences upon conviction would have been 10 to 20 years on one and an additional 25 to 50 years on the other." PCRA Petition, 7/31/14, at 2. According to Appellant, he "pled guilty to avoid this possibility" and because the "information [provided by plea counsel] was incorrect . . . [his] plea was not knowing and voluntary." *Id*.

The Commonwealth moved to dismiss the PCRA petition. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response, but the PCRA court dismissed the petition. This appeal follows.

Appellant now claims that the PCRA court erred in failing to hold an evidentiary hearing in this case because "substantial issues of disputed fact were raised in the PCRA petition." Appellant's Brief at 8. He asserts that plea counsel failed to properly advise him of the potential penalties that he faced if he pled guilty, thereby rendering his guilty plea "not knowing or voluntary." *Id*. at 10. According to Appellant, "[t]hese issues of disputed fact could only be determined by holding an evidentiary hearing and to fail to do so was error." *Id*.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See*

*Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Because Appellant's claims challenge the stewardship of prior counsel, we apply the following principles. Counsel is presumed to be effective, and Appellant has the burden of proving otherwise. *See Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted). In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first

two prongs have been met. *See Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

"A criminal defendant has the right to effective counsel during a plea process…." *Commonwealth v. Hickman*, 799 A. 2d 136, 141 (Pa. Super. 2002). A claim challenging the effectiveness of plea counsel is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii); *Commonwealth v. Lee*, 820 A.2d 1285, 1287 (Pa. Super. 2003). We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows.

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) *Id*., at 105 (citations omitted). "This standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea." *Id*. (citation omitted). "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Hickman*, 799 A. 2d 136, 141 (Pa. Super. 2002).

In addition, with respect to guilty pleas,

[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

\*       \*       \*

The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\*       \*       \*

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003)

(citations omitted).

Our review of the record supports the PCRA court's conclusion that Appellant's current claim is refuted by his responses in *both* the oral and written plea colloquies. As PCRA court explained:

Even if [Appellant's] allegations that his attorney misinformed him of the maximum sentences he faced were true, this error would not negate the knowing and voluntary nature of [his] plea. The plea colloquy forms explicitly stated the maximum sentences that [Appellant] faced. By signing those forms, [Appellant] represented that he read and understood them.

During the oral colloquy, [Appellant] again confirmed that he had reviewed the written guilty plea colloquy forms with his attorney and understood the maximum sentences he faced. He was given multiple opportunities to ask questions or to request additional time to speak with his attorney. He stated that he did

not have any questions and did not need to confer with his attorney.

Finally, the Assistant District Attorney explained to [Appellant] that his conviction for the burglary, attempted burglary, and conspiracy charges constituted his second strike. She explained that if he were convicted of a crime of violence in the future, he would face a mandatory sentence of 25 years to life imprisonment. [Appellant] said that he understood and, again, that he did not have any questions for his attorney or the court.

As the record reflects, [Appellant] had numerous chances to address his attorney and/or the court regarding his sentencing exposure and any conflicting information he may have received. His failure to avail himself of these opportunities is evidence of the voluntary and knowing nature of his plea. Moreover, [Appellant's] sentencing hearing was deferred for three weeks following his conviction. Despite having this time to reflect on the plea colloquies, [Appellant] still raised no questions or concerns, thereby proving that his plea was voluntarily and knowingly tendered. Because the record clearly demonstrated that [Appellant's] guilty plea was knowingly and voluntarily made, [Appellant] was not prejudiced by counsel's alleged ineffectiveness. Therefore, the court did not err in denying relief without holding a hearing.

PCRA Court Opinion, 9/21/15, at 10-11 (citation omitted). Thus, Appellant's answers to the court's questions during the oral plea colloquy, as well as those provided in the written colloquy, contradict Appellant's present claim.

Finally, Appellant avoided mandatory sentencing by entering his negotiated plea and, for two separate incidents, received a concurrent sentence of nine to eighteen years of imprisonment. Appellant cannot now claim that his plea was involuntary simply because he is unsatisfied with the sentence to which he previously agreed. *Cf*. ***Commonwealth v. Flick***, 802 A.2d 620, 623 (Pa. Super. 2002) (explaining that post-sentence motions to

withdraw guilty pleas "are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentencing-testing devices").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2016