J-S43023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DYLON GREG HENRY | |
| Appellant | No. 1744 MDA 2015 |

Appeal from the PCRA Order September 24, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0001174-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 15, 2016**

Appellant, Dylon Greg Henry, appeals from the order dismissing, after a hearing, his petition pursuant to the Post Conviction Relief Act ("PCRA"). Additionally, Henry's court-appointed counsel, Thomas R. Nell, Esquire, has filed an application to withdraw as counsel. After careful review, we affirm the PCRA court's order and grant Attorney Nell's application to withdraw as counsel.

On April 6, 2015, Henry pled guilty to terroristic threats and *nolo contendere* to simple assault arising from allegations that he had threatened an ex-girlfriend and her guest during dinner with her family at her home. The trial court immediately sentenced Henry to an aggregate term of imprisonment of 21 to 48 months.

Henry filed a timely, *pro se* PCRA petition shortly thereafter. Attorney Nell was appointed to represent Henry, and filed an amended PCRA petition. The PCRA court held a hearing on the amended petition, and at the close of the hearing entered an order dismissing the petition. This timely appeal followed.

We will first address counsel's motion to withdraw. Pennsylvania law requires counsel seeking to withdraw from representing a petitioner under the PCRA to file a 'no-merit' letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (1988) (*en banc*). **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003).

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner** and **Finley** and] ... must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, counsel has complied with the foregoing procedural requirements. In response to counsel's no-merit letter, Henry has filed no less than five documents with this Court asserting various claims. Thus, we must determine whether we agree with counsel's assessment of Henry's arguments.

In his first filing, Henry raised, to the best of our ability to discern, six separate claims. The first five of these claims concern his treatment while in prison, and do not constitute collateral attacks on his judgment of sentence. Thus, they cannot form the basis of relief under the PCRA. *See Commonwealth v. McCord*, 644 A.2d 1206, 1213 (Pa. Super. 1994) ("Where an issue does not bear upon a defendant's ultimate guilt or innocence … the claim is not cognizable under the PCRA"). The sixth issue asserts that his right against a coerced confession was violated. Henry was entitled to litigate this claim *via* direct appeal. As such, it is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9544(b).

In his second filing, Henry argues that the PCRA court erred when it found that he could read and understand the English language. Henry testified at the PCRA hearing that he could not read English and therefore could not understand the written guilty plea colloquy. The PCRA court found Henry's testimony to be self-serving and incredible. Furthermore, the PCRA

court observed that Henry had initialed in the appropriate spaces on the written guilty plea colloquy and did not voice an objection when asked if he understood what was happening during his oral guilty plea colloquy. Furthermore, plea counsel testified that she had never received any indication from Henry that he was unable to read. We can discern no abuse of discretion in the PCRA court's findings or conclusions, and therefore, this claim has no merit.

Henry also argues that he did not receive the benefit of his negotiated plea agreement with the Commonwealth. To the extent that Henry is arguing an abuse of the sentencing court's discretion, this claim could have been raised on direct appeal, and therefore cannot form the basis of relief under the PCRA. To the extent that Henry is arguing that plea counsel was ineffective for communicating incorrect information to him, thereby inducing an involuntary guilty plea, such a claim is cognizable under the PCRA. **See Commonwealth v. Hickman**, 799 A. 2d 136, 141 (Pa. Super. 2002).

"Claims challenging the effectiveness of plea counsel's stewardship during a guilty plea are cognizable under 42 [Pa.C.S.A.] § 9543(a)(2)(ii)." **Commonwealth v. Lee**, 820 A.2d 1285, 1287 (Pa. Super. 2003) (citation omitted). In **Commonwealth v. Morrison**, 878 A.2d 102 (Pa. Super. 2005), the panel explained that we review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for

relief based on a claim of ineffective assistance of plea counsel, *see generally Commonwealth v. Kimball,* 555 Pa. 299, 312, 724 A.2d 326, 333 (1999), under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. *See, e.g.,* [*Commonwealth v.*] *Allen,* 557 Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)] ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.")….

*Id*., at 105 (quoting *Commonwealth v. Flanagan,* 578 Pa. 587, 608-609, 854 A.2d 489, 502 (2004)) (brackets in original). "This standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea." *Id*. (citation omitted). "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Hickman*, 799 A. 2d 136, 141 (Pa. Super. 2002).

"[A] defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As a result, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." *Id*.; *see also Commonwealth v. Yeomans*, 24 A.3d 1044 (Pa. Super. 2011).

Henry contends that he was promised a six-month maximum sentence in exchange for his guilty plea. The PCRA court did not credit Henry's

testimony to this effect. To the contrary, the PCRA court found credible plea counsel's testimony that she had never discussed a six-month maximum sentence with Henry. A review of the sentencing transcript reveals no evidence of any agreement on the maximum sentence. Under these circumstances, we cannot conclude that the PCRA court abused its discretion or committed error in finding that Henry had not established that plea counsel had provided him with erroneous information.

In his remaining filings, Henry reiterates the above claims repeatedly. In addition, he raises two new claims. First, he claims that a Commonwealth witness committed perjury, presumably at his preliminary hearing. Henry does not raise this claim under the rubric of after-discovered evidence, and therefore it could have been raised in a direct appeal. It therefore cannot form the basis for relief under the PCRA.

In the final issue raised by Henry in his *pro se* filings, he argues that he has been incompetent throughout the proceedings against him. However, this issue was not contained in his petition, and therefore the PCRA court was under no obligation to address it. **See Commonwealth v. Blakeney**, 108 A.3d 739, 755 (Pa. 2014). This claim cannot form the basis of relief under the PCRA.

As a result, we concur with Attorney Nell's conclusion that Henry's issues are wholly without merit. Our independent review of the record furthermore reveals no other issues of arguable merit. We therefore grant

Attorney Nell's applications to withdraw, and affirm the order denying PCRA relief.

Order affirmed. Application for withdrawal of appearance granted. Jurisdiction relinquished.

Judge Jenkins joins in the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016