J-S56027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD J. BRILEY | |
| Appellant | No. 2275 MDA 2015 |

Appeal from the PCRA Order December 10, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003888-2011

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.          **FILED AUGUST 26, 2016**

Appellant, Ronald J. Briley, appeals from the order entered December 10, 2015, in the Court of Common Pleas of Dauphin County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

When he was just 14 years old, Briley and three others robbed a grocery store in Harrisburg. Upon completion of the robbery, Briley shot the owner, Chong Kwak, in the head. Kwak did not die in the shooting, but was rendered comatose.

The Commonwealth tried Briley as an adult. After a bench trial, the court convicted him of aggravated assault, robbery, criminal conspiracy, and

_____

[*] Former Justice specially assigned to the Superior Court.

other charges. The court sentenced him to 20 to 41 years in prison. This Court affirmed the judgment of sentence. *See Commonwealth v. Briley*, 1067 Harrisburg 1997 (Pa. Super., filed July 31, 1998) (unpublished memorandum).

Kwak's comatose state lasted for nearly 16 years. He died on June 22, 2011. The cause of death was determined to be complications from the gunshot wound. The Commonwealth charged Briley with first- and second-degree murder. In exchange for his entry of a guilty plea to second-degree murder, the Commonwealth withdrew the first-degree murder charge. The trial court later sentenced Briley to 35 years to life[1] in prison, with credit for time served and concurrent to his prior sentences. Briley filed a post-sentence motion, asking for modification of his sentence and withdrawal of his guilty plea. The trial court denied the motion. Briley appealed. This Court affirmed the judgment of sentence. *See Commonwealth v. Briley*, 443 MDA 2014 (Pa. Super., filed November 5, 2014) (unpublished memorandum).

Briley filed, *pro se*, a timely PCRA petition alleging ineffective assistance of trial counsel claims and the illegality of his sentence. The PCRA

---

[1] Because of his age at the time of the shooting, Briley was not subject to a mandatory sentence of life without parole. *See Miller v. Alabama*, 132 S.Ct. 2455 (2012). Rather, the trial court sentenced him in accordance with 18 Pa.C.S.A. § 1102.1(c)(2) ("A person who at the time of the commission of the offense was under 15 years of age shall be sentenced to a term of imprisonment the minimum of which shall be at least 20 years to life.")

court appointed counsel. Appointed counsel subsequently moved to withdraw. The PCRA court provided notice of its intent to dismiss the petition without a hearing and to grant appointed counsel's request to withdraw. On December 10, 2015, the PCRA court entered an order dismissing the petition. Briley timely appealed.[2]

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the court determines that the petitioner's claims are patently frivolous and are without a trace of support either in the record or

---

[2] The order dismissing the PCRA petition did not grant appointed counsel's motion to withdraw. This Court ordered appointed counsel to enter her appearance. Appointed counsel filed a response, claiming that because the PCRA court's notice of intent to dismiss the petition noted that it intended to grant her motion to withdraw as counsel, she was permitted to withdraw. This, of course, is a patently incorrect position. Thus, this Court ordered counsel to either enter her appearance or resolve the motion to withdraw in the PCRA court. Appointed counsel returned to the PCRA court. The PCRA court entered an order stating that appointed counsel's petition to withdraw was proper and granted her permission to withdraw as counsel. This Court then entered an order providing that Briley is proceeding *pro se* in this appeal.

from other evidence. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Briley first maintains that trial counsel was ineffective for failing to petition the trial court for a writ of habeas corpus. We disagree.[3]

In addressing Briley's ineffective assistance of counsel claims, we apply the following principles. We presume counsel's effectiveness and an appellant has the burden of proving otherwise. **See Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

**Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted).

---

[3] The Commonwealth takes the position that by pleading guilty "the only issues that [Briley] could appeal would be the legality of his sentence, the voluntariness of his plea, and the jurisdiction." Commonwealth's Brief, at 11. **See also id**., at 12 (noting that Briley cannot challenge the effectiveness of plea counsel because he pled guilty). The Commonwealth's position is patently incorrect. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). This case is not here on direct appeal; it is a collateral proceeding under the PCRA.

Briley contends that the Commonwealth did not establish at the preliminary hearing that "Appellant's actions caused Mr. Kwak's death" and that "the evidence presented by the Commonwealth did not rule out an intervening cause of the death of Mr. Kwak during his 15 year convalescent [sic] prior to death." Appellant's Brief, at 13. Thus, according to Briley, trial counsel should have petitioned, prior to trial, the court for a writ of habeas corpus. *See*, *e.g.*, *Commonwealth v. Morman*, 541 A.2d 356, 357 (Pa. Super. 1988) ("It is clear that the proper means for testing the finding that the Commonwealth has sufficient evidence to establish a *prima facie* case is to petition the trial court for a writ of habeas corpus.")

The record flatly contradicts Briley's assertions. As we explained on direct appeal, "[t]he cause of death was determined to be complications from the gunshot wound…." *Briley*, 443 MDA 2014, at 2. And it was not in dispute that Briley was the shooter—he was already serving a judgment of sentence stemming from *his* shooting of Kwak. This claim is meritless.

Briley next maintains that his trial counsel rendered ineffective assistance of counsel in connection with his guilty plea. This claim is without merit.

"Claims challenging the effectiveness of plea counsel's stewardship during a guilty plea are cognizable under 42 Pa.C.S.A. § 9543(a)(2)(ii)." *Commonwealth v. Lee*, 820 A.2d 1285, 1287 (Pa. Super. 2003) (citation

omitted). We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. *See, e.g.,* [*Commonwealth v.*] *Allen*, 557 Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)] ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.")….

> This standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (some citations omitted; brackets in original).

Briley's claim centers on the allegation "that trial counsel did not adequately investigate the facts of the case." Appellant's brief, at 14. To wit, "counsel was unaware of any intervening or supervening causes of Mr. Kwak's death during his 15 year convalescent [sic] prior to his death." *Id*.

As noted, the record is devoid of any "intervening or supervening causes." The cause of death was complications from the gunshot. Briley's claim concerning an intervening or supervening cause is pure speculation. Simply pleading it does not make it so. Briley has the burden in this PCRA proceeding to *prove* this claim. *See Commonwealth v. Simmons*, 804 A.2d 625, 639 (Pa. 2001) ("[T]he unshifting burden to prove ineffectiveness always rests upon the defendant….") Briley, despite being provided Kwak's

voluminous medical records and an expert[4], has not come forward with any *evidence* whatsoever (*e.g.*, an expert medical opinion) of an intervening or supervening cause. This claim has no merit.

In his next issue, Briley continues to impugn counsel's effectiveness during the guilty plea. We address each claim in turn. None have merit.

He begins[5] by claiming that counsel told him that if he went to trial "the judge would sentence him to life imprisonment despite new laws concerning juvenile life." Appellant's Brief, at 17. Briley's allegation suggests that **Miller** foreclosed the imposition of life imprisonment for juvenile offenders. By this allegation, Briley seems to feign ignorance of the Supreme Court's decision in **Miller**. The record flatly contradicts this claim. The prosecutor informed Briley at the guilty plea hearing that **Miller** "ruled that it was unconstitutional to mandate a minimum sentence of life imprisonment for a murder of the first-degree, second degree murder if it was committed by a juvenile." N.T., Guilty Plea, 9/4/13, at 3. Briley stated that he

_____

[4] The trial court provided Briley funds to retain a forensic pathologist.

[5] Briley lists other allegations in this section of his brief that have nothing to do with the ineffective assistance of counsel in connection with his guilty plea. We decline to address these allegations. We briefly observe, however, that Briley contends that counsel rendered ineffective assistance by failing to move to withdraw his plea by filing a post-sentence motion. Counsel filed such a motion requesting that very relief. As we noted on direct appeal, "Appellant filed a post-sentence motion, asking for modification of sentence *and withdrawal of his guilty plea*." **Briley**, 443 MDA 2014, at 2 (emphasis added).

understood that and that he read the decision. *See id*., at 3-4. The prosecutor explained to him "that it doesn't bar the imposition of a life sentence but it does require that the sentencer has the option of giving something less than the minimum sentence of life in prison." *Id*., at 4. Briley again responded that he understood. *See id*., at 4. Thus, Briley was aware that *Miller* did not foreclose a life sentence.

Briley next alleges that trial counsel rendered ineffective assistance during the plea by telling him that it was in his best interest to plead guilty "despite evidence that Mr. Kwak's death may not have been his fault[.]" Appellant's Brief, at 17. As noted, there is no such "evidence" in the record. And Briley does not even explain what this "evidence" is.

He also contends that trial counsel was ineffective in failing to inform him that his prison record would be a part of his pre-sentence investigation report and that its "damaging contents" could affect his sentence. Appellant's Brief, at 17. Again, the record flatly contradicts this claim. The prosecutor explained to Briley at the guilty plea hearing that the report would contain information about his time spent in prison, as well as information about his background before he went to prison. *See* N.T., Guilty Plea Hearing, 9/4/13, at 6. And, further, that the report would "inform" the trial court's decision as to how to impose the sentence. *Id*. Briley indicated he understood. *See id*. The prosecutor thus expressly informed Briley that

his prison record would be a part of the pre-sentence investigation report and that it would affect his sentence.

Briley next claims that his counsel informed him that by pleading guilty the trial court would not sentence him to over 25 years in prison. Yet again, the record contradicts this claim. The prosecutor informed Briley that by entering an open plea of guilty to second degree murder under § 1102.1(c)(2) of the Crimes Code, the trial court would have to impose at least 20 years to life in prison. *See id*. The prosecutor further explained that "[t]he [c]ourt could impose that sentence, could impose life imprisonment, could impose some sentence greater than 20 years to life imprisonment. It would be within the sentencer's discretion." *Id*. Briley responded he understood. *See id*. The prosecutor put Briley on notice that his sentence, at the minimum, would have to be at least 20 years to life.

In his next issue, Briley argues that his sentence is illegal as § 1102.1(c)(2) violates the *Ex Post Facto Clause*. A panel of this Court has rejected this very argument with respect to the 35-year mandatory minimum for first-degree murder under § 1102.1(a)(1). ***See Commonwealth v. Brooker***, 103 A.3d 325, 340-343 (Pa. Super. 2014). We can discern no meaningful distinction in this regard between subsections (a)(1) and (c)(2). Briley does not even cite ***Brooker***. This claim has no merit. His sentence is legal.

Briley's final claim is that PCRA counsel failed to file an amended PCRA petition raising the claims he makes on appeal. Given our resolution of the issues presented in this appeal, this claim is moot.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2016