J-S57013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON MICHAEL HIMMEL | |
| Appellant | No. 3804 EDA 2016 |

Appeal from the PCRA Order November 29, 2016
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000525-2014

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 17, 2017**

Appellant, Jason Michael Himmel, appeals *pro se* from the order entered in the Pike County Court of Common Pleas, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant pled guilty to one count of failure to comply with sexual offender registration. Appellant was permitted to withdraw his first plea, and subsequently entered another guilty plea to that offense. Appellant was sentenced to two to four years' incarceration, with credit for time served. Appellant did not file a direct appeal; rather, he filed a timely *pro se* PCRA petition on January 5, 2016. In it, he alleged ineffective assistance of plea counsel, and argued that his guilty plea was unlawfully induced. The PCRA

court appointed counsel, who filed a no-merit letter and a motion to withdraw. The PCRA court granted counsel's motion to withdraw, and issued notice of its intent to dismiss Appellant's petition without a hearing. Appellant then sought and was granted permission to file an amended PCRA petition.[1] The court dismissed this as lacking merit, and Appellant timely appealed.[2]

On appeal, Appellant seeks to withdraw his guilty plea, as it was, he alleges, unknowingly and involuntarily induced. We disagree.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the court

---

[1] To the extent the PCRA court refers to this as Appellant's *second* PCRA petition, the record reveals that the court granted Appellant permission to *amend* his first PCRA petition, and Appellant did so. Thus, we will refer to this as Appellant's amended PCRA petition.

[2] In its brief, the Commonwealth contends Appellant's issues are waived for failure to timely file his concise statement of errors complained of on appeal, pursuant to Rule 1925(b). However, the Commonwealth's argument fails to account for the prisoner mailbox rule, which "provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted). With his filed Rule 1925(b) statement, Appellant includes a payment slip for the cost of mailing the document. The payment slip reflects a date of January 3, 2017, a date within 21 days of the PCRA court's order to file a Rule 1925(b) statement.

determines that the petitioner's claims are patently frivolous and are without a trace of support either in the record or from other evidence. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001).

"Claims challenging the effectiveness of plea counsel's stewardship during a guilty plea are cognizable under 42 [Pa.C.S.A.] § 9543(a)(2)(ii)." **Commonwealth v. Lee**, 820 A.2d 1285, 1287 (Pa. Super. 2003) (citation omitted). We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel … under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.

**Commonwealth v. Morrison**, 878 A.2d 102, 105 (Pa. Super. 2005) (citations omitted). "This standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea." **Id**. (citation omitted). "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." **Commonwealth v. Hickman**, 799 A. 2d 136, 141 (Pa. Super. 2002) (citation omitted).

"[A] defendant is bound by the statements which he makes during his plea colloquy." **Commonwealth v. Barnes**, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As a result, a defendant "may not later assert grounds for

withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted).

Appellant argues counsel was ineffective for inadequately conducting his plea colloquy, claiming counsel failed to review the elements of the crime with him. The record belies this assertion. Indeed, Appellant signed a twelve-page, 54-question written plea colloquy. **See** Guilty Plea Colloquy, filed 10/29/15, at 1-12. Appellant also submitted to a lengthy colloquy before the court at the guilty plea and sentencing hearing. **See** N.T., 10/29/15, at 2-6. During the hearing, Appellant specifically answered "Yes" when asked if counsel had reviewed the elements of the crime with him. **See id**., at 3-4. Appellant acknowledged he was required to register as a sexual offender, and that he failed to register with the Pennsylvania State Police when he changed his address. **See id**., at 4.

Appellant's present assertions to the contrary are thus unsupported by the record. Accordingly, we affirm the PCRA court's order denying Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2017