J-S81009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK JAMES DRAKE | : | |
| | : | |
| Appellant | : | No. 1156 MDA 2017 |

Appeal from the PCRA Order June 27, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0007565-2014
CP-67-CR-0007566-2014

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED MAY 01, 2018**

Appellant elected to plead guilty to two counts of robbery in two cases. In the written colloquy, he answered "yes" to the question of whether he and his attorney agreed with the prosecutor "concerning … the length of the sentence that will be imposed on these charges in return for pleading guilty?" In the space provided underneath, he wrote, among other things, "3 to 6 years." However, he crossed that out, as well as the other things he had written there. Underneath all he had crossed out, he wrote, "open plea."

The matter proceeded to a guilty plea hearing. At the hearing, the prosecutor stated, "the Defendant has elected to enter open pleas." In his next sentence, the prosecutor again reiterated that "in both cases" Appellant "will enter an open plea…." During the oral colloquy, the court asked Appellant if "anyone has promised you anything in exchange for your plea of guilty?"

_____
* Retired Senior Judge assigned to the Superior Court.

And Appellant answered, "No, ma'am." Later in the hearing, the court repeated that Appellant "has elected to enter open pleas in each case." Ultimately, Appellant pleaded *nolo contendere* in one case and guilty in the other. The court later imposed a sentence of incarceration.

Appellant timely filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and the PCRA court appointed counsel. Ultimately, the PCRA court permitted appointed counsel to withdraw and denied Appellant relief. This timely appeal follows.

In this *pro se* collateral appeal, Appellant argues that plea counsel rendered ineffective assistance as he provided "false representation" as to the length of time the trial court would impose pursuant to the open plea. Appellant is not entitled to relief.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005).

"Claims challenging the effectiveness of [plea] counsel's stewardship during a guilty plea are cognizable under 42 Pa.C.S.A. § 9543(a)(2)(ii)." **Commonwealth v. Lee**, 820 A.2d 1285, 1287 (Pa. 2003) (citation omitted). We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief

based on a claim of ineffective assistance of plea counsel … under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.

This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*) (citations omitted).

A defendant challenging his plea counsel's stewardship "is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1997) (citation omitted). As a result, "[a] defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." *Id*. (citation omitted).

Here, Appellant acknowledged in his written guilty plea colloquy that he would enter an open plea. An "open plea," as the name suggests, is a plea agreement "in which there is no negotiated sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 363 n.1 (Pa. Super. 2005) (citation omitted). That he was entering an open plea was stated three times at the guilty plea hearing. And at that hearing, Appellant confirmed that no one "promised" him "anything in exchange for" his "plea of guilty[.]"

Appellant is bound by his answers. His present assertions to the contrary are simply unsupported by the record. Thus, this claim lacks arguable merit and Appellant cannot succeed in proving counsel's ineffectiveness. *See*, *e.g.*, *Commonwealth v. Williams*, 141 A.3d 440, 454 (Pa. 2016).

We affirm the PCRA court's order denying Appellant relief.[1]

Order affirmed. Motion denied.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/01/2018

---

[1] Appellant filed a motion for oral argument in this case. **See** Pa.R.A.P. 2311(b) **Post conviction relief cases**. We deny the motion.