J-S03022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                         :
        v.                 :
                         :
                         :
PEDRO DIAZ               :
                         :
        Appellant        :   No. 1668 EDA 2017

Appeal from the PCRA Order April 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006819-2014

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                **FILED JULY 09, 2018**

Pedro Diaz appeals from the order entered in the Philadelphia County Court of Common Pleas, denying him relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Briefly, Appellant pled guilty to murder in the third degree, robbery, and carrying a firearm on a public street in Philadelphia. The court accepted his plea, and sentenced him to an aggregate 25-50 years' incarceration. Appellant did not file any post-sentence motions, or a direct appeal.

Instead, Appellant timely filed his first PCRA petition. The court appointed counsel, who filed an amended petition. The PCRA court declined to hold a hearing, and denied Appellant's petition as meritless. On appeal, Appellant seeks remand for an evidentiary hearing, in order to establish that his guilty plea was unknowingly and involuntarily entered.

_____

*   Former Justice specially assigned to the Superior Court.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the court determines that the petitioner's claims are patently frivolous and are without a trace of support either in the record or from other evidence. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001).

"Claims challenging the effectiveness of [plea] counsel's stewardship during a guilty plea are cognizable under 42 Pa.C.S.A. § 9543(a)(2)(ii)." **Commonwealth v. Lee**, 820 A.2d 1285, 1287 (Pa. 2003) (citation omitted). We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel … under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.

**Commonwealth v. Morrison**, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*) (citations omitted). "This standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea." **Id**. (citation omitted). "To succeed in showing prejudice, the defendant

must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." ***Commonwealth v. Hickman***, 799 A. 2d 136, 141 (Pa. Super. 2002) (citation omitted).

A defendant challenging his plea counsel's stewardship "is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa. Super. 1996) (citation omitted). As a result, a defendant "may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted).

Appellant argues plea counsel was ineffective, based on his alleged failure to visit Appellant or review the facts of Appellant's case with him. Specifically, Appellant alleges—in his scant 1½ pages of argument—that counsel was not ready for trial, and Appellant "rightfully felt that he had no choice but to plead guilty." Appellant's Brief, page 7.[1] The record flatly belies this assertion.

Appellant signed a four-page guilty plea colloquy. ***See*** Guilty Plea Colloquy, filed 1/7/15, at 1-4. In it, Appellant asserted he understood his right to a trial, his lawyer informed him of the elements of each crime, and he pled guilty because he had committed the named crimes. ***See id***., at 1-3. Further, the colloquy asked if Appellant was satisfied with his lawyer's advice and

---

[1] David Rudenstein, Esquire, represents Appellant on appeal.

service, and if his lawyer spent enough time on his case. *See id*., at 3. Appellant signed this document and affirmed its contents. *See id*.

At the guilty plea hearing, the Commonwealth described the evidence it had planned to introduce at trial. The Commonwealth asserted it would have called five witnesses, two of whom would have testified they actually saw Appellant shoot the victim in the forehead. *See* N.T. Guilty Plea Hearing, 1/7/15, at 15. The remaining three witnesses would have testified that Appellant told them he committed the crime after the fact. *See id*. The Commonwealth also indicated it would have introduced Appellant's cell phone, which was recovered from the crime scene, and a certificate of nonlicensure to show Appellant did not have a license to carry a firearm. *See id*., at 15-16. Appellant then agreed with the facts as stated by the Commonwealth. *See id*., at 17.

Additionally, Appellant's plea counsel conducted an oral colloquy, where counsel reiterated much of the information in the written colloquy. During the colloquy, Appellant agreed he was pleading guilty to third-degree murder, robbery, and carrying a firearm in public because he was, in fact, guilty of those crimes. *See id*., at 5-8. Appellant also affirmed he was satisfied with counsel's advice and representation. *See id*., at 8.

Appellant may not assert reasons for withdrawing his plea that contradict statements he made during his plea hearing. *See Yeomans*, 24 A.3d at 1074. Appellant's current, bald assertions that he had "no choice" but to plead guilty are unsupported by the record. The PCRA court was not

required to hold an evidentiary hearing on these meritless claims. ***See***

***Jordan***, 772 A.2d at 1014. Accordingly, we affirm the PCRA court's order

denying Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18