J-S85023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT GINGERICH | : | |
| | : | |
| Appellant | : | No. 879 WDA 2017 |

Appeal from the PCRA Order June 1, 2017
In the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000164-2015

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 4, 2018**

Albert Gingerich appeals from the order entered in the Crawford County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On December 30, 2014, the Commonwealth charged Appellant with 87 counts of sexual misconduct against his juvenile siblings. In exchange for the Commonwealth's agreement to *nolle pros* his remaining charges, Appellant Appellant pled guilty to rape by forcible compulsion, and two counts of indecent assault.[1] On November 6, 2015, the court sentenced Appellant to an aggregate five to twenty years' incarceration, followed by a consecutive term

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1) and 3126(a)(7), respectively.

of twelve years' probation.[2] Appellant did not file any post-sentence motions or a direct appeal. Appellant later timely filed his first, *pro se* PCRA petition.

After the PCRA court appointed counsel, Appellant filed an amended petition. In that petition, PCRA counsel alleged that both the ineffective assistance of plea counsel and undue pressure from his church led to an unknowing and involuntary guilty plea. Specifically, Appellant averred that he accepted the guilty plea because plea counsel informed him that he would be subject to mandatory minimum sentences if convicted of any charges subject to sentencing under 42 Pa.C.S.A. § 9718(a).[3] Based upon this information, Appellant averred that the leadership of his church pressured him to accept the guilty plea. As the imposition of a mandatory minimum sentence under § 9718(a) had been deemed unconstitutional prior to the filing of Appellant's charges,[4] he argues that his guilty plea was unknowingly entered and involuntarily induced.

The PCRA court held a hearing on Appellant's claims. Appellant testified that Jeffrey Conrad, Esquire, represented him at the time charges were filed until his sentencing. Appellant alleged that Attorney Conrad advised him to

---

[2] The court imposed a sentence of five to twenty years for the rape conviction.

[3] Until it was deemed unconstitutional by **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014) *aff'd* 140 A.3d 651 (Pa. 2016), 42 Pa. C.S.A. § 9718(a) provided mandatory minimum sentences for a variety of sexual offenses committed against juvenile victims.

[4] **Wolfe** was decided on December 24, 2014, six days prior to the filing of charges against Appellant.

enter a guilty plea in order to avoid mandatory minimum sentences for convictions subject to sentencing under § 9718(a). *See* N.T., PCRA Evidentiary Hearing, 5/23/17, at 67. Appellant believed that these mandatory minimum sentences were in place at the time he entered into his guilty plea, and asserted that Attorney Conrad never advised him otherwise. *See id*., at 67, 70-71 If Appellant had known that his charges were not subject to mandatory minimums, Appellant claimed that it would have affected his decision to plead guilty. *See id*., at 67-68.

Attorney Conrad confirmed that when he first spoke to Appellant regarding his charges, he informed him that any convictions pursuant to § 9718(a) would result in the application of mandatory minimum sentences. *See id*., at 10-17, 22-23. However, Attorney Conrad testified that once he learned of the recent change in the law, he "absolutely" informed Appellant— on more than one occasion—that he was the beneficiary of a change in the law and that mandatory minimum sentences under § 9718(a) no longer applied. *See id*., at 17-19, 23-28. As such, Attorney Conrad stated that Appellant understood that mandatory minimum sentences did not apply at the time he entered into his guilty plea on April 27, 2015. *See id*., at 32.

The PCRA court denied Appellant's petition and Appellant's PCRA counsel timely appealed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, prior to filing his concise statement, Appellant retained current PCRA counsel, who entered his appearance on July 5, 2017. The PCRA court granted Appellant an

- 3 -

extension of time to file his 1925(b) statement, and Appellant ultimately complied. Therein, Appellant raised for the first time his claims of PCRA counsel ineffectiveness. *See* Appellant's 1925(b) Statement, 7/31/17, at ¶ 2(b).

Appellant presents the following questions for our review.

1. DID THE PCRA COURT ERR AND ABUSE ITS DISCRETION BY DENYING [APPELLANT'S] AMENDED PCRA PETITION WHICH SOUGHT TO WITHDRAW [APPELLANT'S] GUILTY PLEA BECAUSE SAID PLEA WAS UNKNOWINGLY AND INVOLUNTARILY ENTERED?

2. WAS [APPELLANT'S] PCRA COUNSEL INEFFECTIVE DURING [APPELLANT'S] PCRA HEARING FOR FAILING TO CALL SEVERAL DEFENSE WITNESSES?

Appellant's Brief, at 4.

Prior to reaching the merits of Appellant's issues on appeal, we must determine if Appellant has preserved his second issue for our review. In its brief, the Commonwealth argues that Appellant has waived his claim of PCRA counsel's ineffectiveness by failing to raise these claims before the PCRA court. *See* Commonwealth's Brief, at 8. We agree.

"[A]bsent recognition of a constitutional right to effective collateral review, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." *Commonwealth v. Ford*, 44 A.3d 1190, 1201 (Pa. Super. 2012). *See also Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). Here, Appellant did not raise PCRA counsel's ineffectiveness before the

- 4 -

PCRA court. Instead, Appellant raised his claim of PCRA counsel ineffectiveness for the first time in his Rule 1925(b) concise statement, which was filed more than a month after he filed his notice of appeal. Thus, Appellant has failed to preserve the issue of PCRA counsel's ineffectiveness.

Moving to Appellant's remaining claim on appeal, Appellant asserts the PCRA court abused its discretion by failing to grant Appellant's request to withdraw his guilty plea. Appellant contends he was entitled to withdraw his plea as the ineffectiveness of guilty plea counsel as well as undue pressure from church leadership led to an unknowing and involuntary guilty plea. However, Appellant fails to support his argument that undue pressure from church leadership to plead guilty entitled him to PCRA relief with *any* citation to authority. As Appellant has not properly developed his argument pursuant to Pa.R.A.P. 2119(b), we find this argument waived. ***See***, ***e.g.***, ***Commonwealth v. Brougher***, 978 A.2d 373, 376 (Pa. Super. 2009) (finding claim waived where there was no citation to relevant authority). Thus, Appellant's sole preserved argument on appeal is his claim that the ineffective assistance of guilty plea counsel resulted in an unknowing and involuntary guilty plea.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). The PCRA court's findings will not be disturbed unless the certified record lacks support for the

findings. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted).

> In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel.
>
> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner had the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

*Commonwealth v. Benner*, 147 A.3d 915, 919-920 (Pa. Super. 2016) (quotation marks and citations omitted).

Allegations of counsel's ineffectiveness during the guilty plea process are cognizable under the PCRA. *See Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). *See also Commonwealth v. Lee*, 820 A.2d 1285, 1287 (Pa. 2003) ("Claims challenging the effectiveness of [plea] counsel's stewardship during a guilty plea are cognizable under 42 Pa.C.S.A. § 9543(a)(2)(ii)."). However, "[a]llegations of ineffectiveness in connection

with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Allen***, 833 A.2d 800, 802 (Pa. Super. 2003) (citation omitted).

Appellant's claim of ineffective assistance rests upon his contention that Attorney Conrad failed to inform him that mandatory minimum sentences no longer applied to his charges. Attorney Conrad denied that he failed to inform Appellant of this change in the law. In fact, Attorney Conrad testified that he informed Appellant multiple times of this change in the law, and was absolutely certain that Appellant was aware that he was no longer subject to mandatory minimum sentences at the time of his guilty plea. In ruling against Appellant, the PCRA court accepted Attorney Conrad's testimony as credible and accurate—and squarely rejected Appellant's version of events. ***See*** PCRA Court's Opinion, 6/2/17, at 7-8. The record supports this credibility determination is supported by testimony of record, and thus, we are bound by it.

Appellant has failed to demonstrate that there is arguable merit to the underlying claim of ineffectiveness. Therefore, there is no basis to conclude that ineffective assistance of counsel caused him to enter an involuntary guilty plea.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2018