**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Dewhight A. HICKMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 18, 2000.
Filed May 15, 2002.

Frank C. Arcuri, Public Defender, York, for appellant.

William H. Graff, Asst. Dist. Atty., York, for Com., appellee.

Before CAVANAUGH, STEVENS, and BROSKY, JJ.

STEVENS, J.

¶ 1 Appellant challenges the denial of his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, by the Court of Common Pleas of York County. The issue before us is whether plea counsel's erroneous advice about boot camp eligibility under the negotiated sentence invalidated Appellant's guilty plea. We reverse and remand for proceedings consistent with this decision.

¶ 2 On October 8, 1998, Appellant was charged with two counts of Possession with Intent to Deliver and one count of Criminal Conspiracy to Possess with the Intent to Deliver after he was arrested with cocaine and marijuana in his possession. With school zone enhancements applying to his case, Appellant faced a mandatory five to ten year sentence.

¶ 3 Privately retained counsel advised Appellant to enter a plea of guilty to each count in exchange for a sentence of four to eight years' imprisonment. Appellant was reluctant to accept the negotiated plea at first, but reconsidered when counsel advised him that he would be eligible for

State Motivational Boot Camp, 61 P.S. §§ 1121–1129,[1] after serving the first two years of his four year minimum sentence. Appellant pled guilty on March 8, 1999, and received a four to eight year sentence, which he is currently serving at State Correctional Institute, Camp Hill.

¶ 4 Appellant filed no direct appeal, but filed the present PCRA petition on October 5, 1999, through newly retained counsel. In his petition, and at the evidentiary hearing of January 31, 2000, which followed, Appellant alleged that ineffectiveness of plea counsel induced him to enter an invalid plea. Specifically, Appellant contends that he pled guilty only because plea counsel misled him to believe that he would be eligible for boot camp after serving the first two years of his minimum sentence. In fact, Appellant was not eligible for boot camp under the enabling statute, which defines an "eligible inmate" as one "who is serving a term of confinement, the minimum of which is not more than two years and the maximum of which is five years or less or an inmate who is serving a term of confinement the minimum of which is not more than three years where that inmate is within two years of completing his minimum term...." 61 P.S. § 1123. *See* 204 Pa.Code § 303.12(b).

¶ 5 At the conclusion of Appellant's PCRA hearing, the court found no ineffective assistance of plea counsel because there was never a guarantee that Appellant would have gained acceptance into the Boot Camp program. Specifically, the court made the following relevant observations:

I have the plea in front of me, the plea colloquy. Attorney Morrison was the attorney at the time, and she states, the agreement with this defendant is that he will do four to eight years imprisonment. Commonwealth has agreed that if he's otherwise eligible, we would have no objection to him participating in that program. Mr. Jones then said, in other words, it's my understanding succinctly, four to eight mandatory, he'd be boot camp eligible.

My sentencing order then states, "[W]e direct the Defendant will be deemed boot camp eligible as soon as the State determines he has served enough time to apply for the boot camp program...."

While I think it's true that he anticipated being able to apply for the boot camp program, I don't see anywhere in here that there was a guarantee he would get in.

In addition, I notice he was sentenced March 8th, 1999. He wouldn't be able to apply anyway until March of 2001, so we still don't know whether or not he is boot camp eligible.

There hasn't been any proof here today the State—other than hearsay statements from Mr. Jones that the State is now considering a sentence with over three years.

---

1. 61 P.S. § 1123 defines Motivational Boot Camp as "[a] program in which eligible inmates participate for a period of six months in a humane program ... which shall provide for rigorous physical activity, intensive regimentation and discipline, work on public projects, substance abuse treatment services licensed by the Department of Health, ventilation therapy, continuing education, vocational training and prerelease counseling." According to 204 Pa.Code § 303.12(b),

"Upon completion of the six month boot camp program the inmate is automatically released on parole. By authorizing participation in the boot camp, the court agrees to allow the inmate to be released prior to the expiration of the minimum sentence." Section 303.12(b) sets forth, however, that the Department of Corrections makes the final determination as to whom is admitted into the boot camp program.

I view this case similar to the people who pled guilty to a prison sentence of, say, you know, four to eight years and find out they're not getting paroled in four.

I can't find anywhere where Mr. Jones was ineffective in his representation of the Defendant, and accordingly, I will deny the PCRA petition.

PCRA Hearing of 1/31/00 at 17.

¶ 6 Appellant timely filed an appeal, and this Court, relying on *Commonwealth v. Woodrow,* 743 A.2d 458 (Pa.Super.1999), affirmed on the basis that Appellant's ineffectiveness claim failed was not cognizable under 42 Pa.C.S. § 9543(a)(2)(ii) and (iii) [2] where his guilty plea did not implicate the truth-determining process and where he failed to allege his innocence. *See Commonwealth v. Hickman,* No. 586 MDA 2000, unpublished memorandum, 777 A.2d 503 (Pa.Super. filed March 26, 2001). On September 11, 2001, however, the Supreme Court of Pennsylvania granted Appellant's petition for allowance of appeal, vacated this Court's order, and remanded for consideration of this matter in light of *Commonwealth ex rel. Dadario v. Goldberg,* 565 Pa. 280, 773 A.2d 126 (2001) (holding that ineffective assistance of counsel claims arising from plea bargaining process are eligible for review under § 9543(a)(2)(ii)). Therefore, we review whether plea counsel's erroneous advice amounted to ineffective assistance of counsel which invalidated Appellant's guilty plea.

■ ¶ 7 Our review of a PCRA court's grant or denial of relief is limited to examining whether the court's determination is supported by the evidence and whether it is free of legal error. *Commonwealth v. Davis,* 760 A.2d 406, 409 (Pa.Super.2000). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Nelson,* 393 Pa.Super. 611, 574 A.2d 1107, 1110 (1990). The findings of a post-conviction court will not be disturbed unless they have no support in the record. *Commonwealth v. Neal,* 713 A.2d 657, 660 (Pa.Super.1998).

¶ 8 Here, we note that Appellant's ineffectiveness of plea counsel claim is technically waived for failure to raise it in a direct appeal. However, because Appellant has raised the claim at the earliest opportunity, without any intervening counsel between the time of his plea and the present PCRA petition, his technical waiver of a previously unlitigated issue is excused under 42 Pa.C.S. § 9543(a)(3)(iii). *Commonwealth v. Griffin,* 537 Pa. 447, 644 A.2d 1167 (1994).

■ ¶ 9 In order to prevail on an ineffectiveness claim, Appellant must satisfy a three-factor test:

We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's

---

**2.** A petitioner is eligible for relief under Section 9543(a)(2)(ii) if he pleads and proves by a preponderance of the evidence that "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

A petitioner is eligible for relief under Section 9543(a)(2)(iii) if he pleads and proves by a preponderance of the evidence that his conviction or sentence resulted from "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii).

interest. If he did, our inquiry ends. If not, [an appellant may prevail on his ineffectiveness claim by demonstrating] that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceedings.

*Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988).

▮▮▮ ¶ 10 A criminal defendant has the right to effective counsel during a plea process as well as during a trial. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582 (1999). Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill,* 474 U.S. at 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)); *See also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.").

▮▮▮ ¶ 11 Here, we find that counsel's assistance cannot be said to have fallen within "the wide range of professionally competent assistance" demanded by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, plea counsel gave Appellant reason to believe he could be released from prison in two years and be eligible for parole six months later, when, in fact, Appellant was statutorily ineligible for release into the boot camp program and could not receive parole until he had served four years imprisonment. Thus based on an ignorance of relevant sentencing law, counsel's advice was legally unsound and devoid of any reasonable basis designed to effectuate Appellant's interests. *See Hill,* 474 U.S. at 62, 106 S.Ct. 366, 88 L.Ed.2d 203 (counsel's failure to advise of relevant statute's affect on parole eligibility constitutes ineffectiveness) (White, J., concurring); *Baker v. Barbo,* 177 F.3d 149, 154 (3d Cir.1999) (acknowledging that an attorney can be ineffective by giving a defendant false information about sentencing); *Meyers v. Gillis,* 142 F.3d 664 (3d Cir.1998) (finding representation fell below that required by Sixth Amendment when counsel misrepresented parole eligibility to a defendant entering a guilty plea).

▮▮▮ ¶ 12 Moreover, the record shows that counsel's advice prejudiced Appellant. To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. *Hill,* 474 U.S. at 59, 106 S.Ct. 366, 88 L.Ed.2d 203. The "reasonable probability" test is not a stringent one. *See Nix v. Whiteside,* 475 U.S. 157, 175, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) (reasonable probability standard less demanding than preponderance standard). Appellant claims, and plea counsel agrees, that he would have pled "not guilty" and gone to trial had he not been advised that the negotiated plea offered the lone opportunity for boot camp. The PCRA court did not doubt Appellant's or plea counsel's credibility. The circumstances of Appellant's case, furthermore, are consistent with his claim, as it is not unlikely that he would have otherwise test-

ed the case against him at trial since the risk of a guilty verdict carried but an additional year on his minimum sentence. Therefore, we find that Appellant has made a showing of prejudice sufficient to satisfy his burden.

¶ 13 Accordingly, finding a reasonable probability that Appellant would not have pled guilty but for plea counsel's constitutionally deficient advice, we conclude that his plea was involuntary and unknowing. *See Hill,* 474 U.S. at 56, 106 S.Ct. 366, 88 L.Ed.2d 203. We distinguish this case from our holding in *Commonwealth v. Stark,* 698 A.2d 1327 (Pa.Super.1997), wherein we held that courts need not advise defendants on parole eligibility, but need only inform defendants according to Pa.R.Crim.P. 319 and existing Pennsylvania caselaw requiring judicial advice on the permissible range of sentences and the maximum punishment that might be imposed. *Stark,* 698 A.2d at 1331. Indeed, in *Hill,* the United States Supreme Court confirmed that there is no constitutional or statutory requirement that the court advise a defendant about parole eligibility in order for the defendant's plea to qualify as voluntary. *Hill,* 474 U.S. at 56, 106 S.Ct. 366, 88 L.Ed.2d 203.

■ ¶ 14 Therefore, though the validity of a plea clearly does not depend on a judicial explanation of parole eligibility, we conclude that a plea's validity may be compromised when counsel issues erroneous advice on how the law will affect the duration of a client's sentence. *See Hill, supra* (reviewing on the merits a claim

that plea counsel was ineffective for issuing erroneous parole advice, notwithstanding its acknowledgment that a sentencing court need not advise on parole eligibility).[3] Where, as here, counsel induces a defendant to plead guilty on the mistaken belief that he will be eligible for parole a full year and a half before his minimum sentence is served, such advice deprives the defendant of knowing his true minimum sentence. The present case is thus of the exceptional type recognized in *Stark,* where we acknowledged the possibility that erroneous parole advice could deny a defendant his right to know his true minimum sentence. *See Stark,* 698 A.2d at 1331; It is in this respect, therefore, that we reconcile our present holding with that in *Stark.*

■ ¶ 15 We turn, then, to determine the appropriate remedy for Appellant's invalid plea. Appellant argues that he is entitled to a modified sentence that would make him boot camp eligible, as only this would give him what he considers the "benefit of his bargain." We disagree. The record clearly shows that the only bargain between the Commonwealth and Appellant was that Appellant would serve a four to eight year sentence and, "if he's otherwise eligible, [the Commonwealth] would have no objection to him participating in [the boot camp] program." Plea Colloquy 3/8/99 at 1. Thus, the purpose of the negotiation was not to ensure Appellant's boot camp eligibility, it was to set his sentence at four to eight years' imprisonment with no Commonwealth objection to

---

**3.** Because it found the defendant in *Hill* failed to establish prejudice under the *Strickland* test for ineffectiveness, however, the Supreme Court never reached the specific issue of whether counsel's erroneous advice on parole eligibility rose to the level of constitutionally deficient representation. As noted above, Justice White's Concurring Opinion did reach this issue, as he was satisfied that the defen-

dant had both shown prejudice and alleged sufficient facts to remand for an evidentiary hearing on ineffectiveness, as "the failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis adopted by the majority...." *Hill,* 474 U.S. at 62, 106 S.Ct. 366, 88 L.Ed.2d 203 (White, J., concurring).

boot camp if Appellant were otherwise eligible.

¶ 16 Modifying the sentence to make Appellant eligible for boot camp would clearly give Appellant more than the benefit of his bargain. Therefore, we hold that the circumstances of his case entitle Appellant to no more than an opportunity to withdraw his plea. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Commonwealth v. Alvarado,* 442 Pa. 516, 276 A.2d 526 (1971).

¶ 17 Accordingly, we find the PCRA court erred when it denied Appellant's claim that plea counsel's ineffective assistance invalidated Appellant's guilty plea. We remand this case to the PCRA court, where the court will afford Appellant the opportunity to withdraw his guilty plea.

¶ 18 Order reversed; case remanded for proceedings consistent with this decision; jurisdiction relinquished.