J-S43008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES FEY | : | |
| | : | |
| Appellant | : | No. 1440 WDA 2017 |

Appeal from the PCRA Order September 26, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000966-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES FEY | : | |
| | : | |
| Appellant | : | No. 1441 WDA 2017 |

Appeal from the PCRA Order September 26, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000968-2013

BEFORE:  STABILE, J., DUBOW, J., and NICHOLS, J.

DISSENTING STATEMENT BY DUBOW, J.:         **FILED JANUARY 22, 2019**

In light of the fact that Appellant pled guilty to a F1 Burglary when the facts and law only supported a F2 Burglary, I find that plea counsel was ineffective when advising Appellant to plead guilty to the F1 Burglary Charge. Additionally, Appellant suffered prejudice as a result of this ineffectiveness. For this reason, I dissent from the Majority decision.

In this case, Appellant unlawfully entered two homes under construction. When grading a burglary of home under construction, the court must consider whether the home was "adapted for overnight accommodation." If the home was "adapted for overnight accommodation," the court should grade a burglary as a first-degree ("F1") Burglary. Conversely, if the home under construction was not "adapted for overnight accommodation," the court should grade the burglary as a second-degree ("F2") Burglary. ***Commonwealth v. Graham***, 9 A.3d 196 (Pa. 2010).

In particular, the Supreme Court held that this is a fact-specific analysis and a home under construction is not "adapted for overnight accommodation" where kitchen appliances remain packed and stored in a home that lacked fixtures, outlets, furnishings, and lighting. ***Id***. at 204.

In this case, the Affidavit of Probable Cause referred to the structures that Appellant unlawfully entered as "homes." Plea counsel did not discuss the condition of the homes with Appellant and conducted no further investigation about the condition of the homes. Instead, plea counsel assumed that the homes under construction were "suitable for overnight accommodation," and advised Appellant to plead guilty to a F1 Burglary. **See** N.T. PCRA Hearing, 8/4/17 at 10, 18.

Appellant filed his first PCRA petition alleging that his plea counsel was ineffective for advising him to plead guilty to the F1 Burglary when the facts and the applicable law only supported a F2 Burglary. At the PCRA hearing, the unrebutted testimony was that the homes were not "suitable for overnight

- 2 -

accommodation." Appellant and his co-defendant testified that for years they had been subcontractors in new home construction projects and were aware that no one lived in the homes at issue because they were under construction. Each testified that within the homes, there were no appliances, no utilities, no gas meter, no electric or water meters, no interior doors, no light fixtures, and no working bathrooms. *See id*. at 22-23, 31, 38.

The PCRA court, however, denied the PCRA Petition and Appellant appealed. The Majority affirms the trial court's denial of the petition. I respectfully dissent.

A petitioner asserting ineffective assistance of counsel must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) counsel's mistake prejudiced the petitioner. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011). In order to invalidate a plea on the basis of ineffectiveness of counsel, a petitioner must plead and prove that the ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246-47 (Pa. Super. 2002).

Here, the Majority, as well as the PCRA court, found that Appellant failed to establish prejudice and thus, does not address the other elements of the ineffectiveness test. I find, however, that Appellant met not only the test for prejudice, but also the other two elements.

First, the failure of plea counsel to investigate the facts of the case to determine whether Appellant had committed a F1 or F2 Burglary has arguable

- 3 -

merit to support a claim that plea counsel was ineffective. Plea counsel admitted that he did not conduct any investigation into whether the homes were "suitable for overnight accommodation," and that he merely relied upon the Affidavits of Probable Cause referring to the structures as "homes" to conclude that Appellant committed a First-Degree Burglary. N.T. PCRA Hearing at 14. Plea counsel assumed that the "homes" were adapted for overnight accommodation because they were residential homes in the "latter stage of construction." *Id.* at 10.

Further, plea counsel acknowledged that he was aware of the difference in grading based on the burglary offenses definitions, but this was not an issue that he thought of at the time he presented the plea offer to Appellant. *See id*. at 11-13. Counsel also admitted that he was unaware of dispositive case law. *Id*. at 5.

It is well established that defense counsel "has a duty to undertake reasonable investigations or to make reasonable decisions that render particular investigations unnecessary." *Commonwealth v. Basemore*, 744 A.2d 717, 735 (Pa. 2000). Thus, in light of the grading differences in the crimes that are based on factual distinctions, plea counsel had an affirmative duty to determine whether the homes were "suitable for overnight accommodation" before advising Appellant that he should plead guilty to the higher charge of F1 Burglary. His failure to do so under these circumstances establishes that plea counsel failed to render effective assistance of counsel.

Accordingly, I conclude that Appellant has an arguable claim of merit and has met the first prong of the ineffectiveness test.

With respect to the second prong, my review of the testimony from the PCRA hearing does not support the PCRA court's determination that counsel had a "reasonable strategy for [ ] how he conducted himself in this matter." N.T. PCRA Hearing, at 57. The PCRA court reasons that plea counsel provided appropriate representation because "there was nothing presented to [counsel], from the criminal complaint, the affidavits of probable cause, the discovery, or from the defendant, to make him question that the structures in question were not homes that were adapted for overnight accommodation." PCRA Ct. Op., dated 3/5/18, at 14. I disagree.

As discussed above, plea counsel had a professional obligation to investigate the facts and law to advise Appellant that the plea offer was to a charge that the facts and law of the case did not support and that the facts and law supported a lesser charge. Thus, there is no reasonable strategy for failing to investigate the facts of this case and understand the law supporting the plea deal.

With respect to the third prong of the ineffectiveness test, I disagree with the conclusion reached by the PCRA court and the Majority that Appellant did not prove he suffered prejudice by pleading guilty to a F1, a charge that is higher than the facts and law support. In its Pa.R.A.P. 1925(a) Opinion, the PCRA court concluded that Appellant did not prove prejudice because Appellant had not shown that he would have gone to trial but for counsel's

errors. *See* PCRA Op. at 18-19, citing *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. 2002). While that aspect of prejudice is relevant when a defendant seeks to withdraw his guilty plea as unknowing and involuntary in order to proceed to trial for another "bite at the apple," in the context of this ineffectiveness case, it is a narrow and inapplicable definition of prejudice.

The U.S. Supreme Court in *Strickland*[1] held that, in the context of an ineffectiveness claim, in order to prove prejudice, a petitioner must "show that there is a reasonable probability that but for counsel's errors, the resulting proceeding would have been different." 466 U.S. at 669. Applying the *Strickland* definition of prejudice to the instant case, it is undeniable that the resulting proceeding would have been different but for counsel's error because Appellant would not have pled guilty to F1 Burglary.

The prejudice that Appellant suffered as a result of pleading guilty to a F1, instead of F2, Burglary stems from the fact that the maximum possible sentences and the sentencing guideline ranges differ for a felony of the first-degree and a felony of the second-degree. *See* 204 Pa. Code § 303.16(a). Moreover, the F2 Burglary offense carries an Offense Gravity Score of five while the F1 Burglary offense has an Offense Gravity Score of seven. *Id*. Accordingly, because he pled guilty to the more serious offense that he did not commit, plea counsel's ineffectiveness resulted in Appellant subjecting

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Commonwealth v. Pierce*, 527 A.2d 973, 973 (Pa. 1987) (adopting *Strickland* three-prong ineffectiveness test).

himself to an increased and undeserved penalty. It is undeniable that if plea counsel had conducted basic investigation and legal research, plea counsel would not have advised Appellant to plead guilty to a more serious offense than the facts supported and Appellant would have rejected the plea offer to First Degree Burglary. Accordingly, I would reverse the Order and remand for further proceedings.