J-S01025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.                 :
:
:
SHELDON D. SWAN           :
:
Appellant     :   No. 1218 MDA 2018

Appeal from the PCRA Order Entered June 25, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005179-2010

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

DISSENTING MEMORANDUM BY PELLEGRINI, J.:

**FILED FEBRUARY 08, 2019**

I respectfully dissent.  I would reverse the order and remand for a new sentencing hearing because the PCRA court misapprehended the nature of Swan's ineffective assistance of counsel claim.

Swan was resentenced as required by ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), and accepted the deal of thirty years to life negotiated by his attorney.  Swan filed a PCRA petition and testified that re-sentencing counsel was ineffective because he failed to advise him that he had the option to accept the negotiated sentence or to allow the trial court to impose the sentence in its discretion.  The PCRA court implicitly credited Swan's assertions that he was unaware of the judge's discretion to impose a lesser sentence, as

_____

*   Retired Senior Judge assigned to the Superior Court.

the court would otherwise have no need to examine the content of the resentencing hearing.

Both the PCRA court and the majority opine that Swan's ineffective assistance of counsel claim was not made out because he was informed that "he could have possibly faced a greater sentence" than the negotiated sentence. Majority memorandum at 4 (quoting PCRA court opinion).

I disagree with the majority because it does not address Swan's reason for claiming counsel was ineffective. He claims that resentencing counsel ineffectively failed to inform him that the judge had the discretion to go **lower** than the agreed-upon sentence. It is no answer to say that Swan was told that the judge could go **higher** if he rejected the agreement.

Not being advised that his sentence could go lower than the negotiated term constitutes ineffectiveness because the wisdom of accepting the Commonwealth's offer as weighed against the countervailing risk—that the judge would impose a higher sentence—was Swan's choice to make. ***See Jones v. Barnes***, 463 U.S. 745, 751 (1983) ("[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal[.]") (citations omitted). Since Swan did not make an informed

choice, I would vacate the PCRA court's order and send the matter back for resentencing.[1]

Accordingly, I respectfully dissent.

---

[1] A plea is validly entered only if the underlying advice to accept the plea is sound. "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citation and quotation marks omitted). The failure to inform Swan that the judge could impose a lesser sentence misapprehended the law and was therefore not competent advice. **See Commonwealth v. Hicks**, 151 A.3d 216 (Pa. Super. 2016) (holding that a trial judge has discretion in juvenile resentencing cases to depart from the applicable minimums relative to offenses committed on or after June 24, 2012).