J-A02012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WARNER GREENE | : | |
| | : | |
| Appellant | : | No. 545 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 7, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000752-2018

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: **FILED: NOVEMBER 19, 2021**

Warner Greene appeals *nunc pro tunc* from the December 7, 2018 judgment of sentence of sixty to 120 months of incarceration, which was imposed after he pled guilty to one count of persons not to possess firearms. We affirm.

The facts underlying Appellant's conviction are as follows. On April, 8 2018, Officer Justin Erickson of the Hermitage Police Department was in a marked police cruiser patrolling in Mercer County when he stopped a vehicle driven by Appellant for expired registration. While speaking with Appellant, Officer Erickson observed an unlabeled pill bottle on the console of the van. Upon further investigation, Officer Erickson learned that the bottle contained methadone tablets and that Appellant's operator's license had been suspended. Officer Erickson requested back-up.

Upon arrival of Officer James Brown, Officer Erickson told Appellant to exit the vehicle. Once Appellant complied, Officer Erickson conducted a warrantless search of the driver and front passenger areas of the vehicle. As a result of the search, Officer Erickson recovered two cell phones, two clear baggies, and a loaded revolver. Appellant was arrested and transported to the Hermitage Police Department. A search of Appellant incident to his arrest uncovered a vial with white residue and a small baggie with white residue. Appellant waived his *Miranda v. Arizona*, 384 U.S. 436 (1966), rights and told officers that the revolver belonged to him and that he did not have a permit to carry it. Appellant also identified the white substance that was recovered from his person as cocaine. An inventory search of the vehicle uncovered additional contraband.

Based on these events and admissions, Appellant was charged with eleven drug, traffic, and firearm-related offenses. Appellant filed an omnibus pretrial motion challenging the warrantless search of his vehicle on the grounds that no exigent circumstances existed for the search. *See* Omnibus Pretrial Motion, 7/16/18, at unnumbered 3. After a hearing, the trial court denied the suppression motion, finding that Officer Erickson had probable cause for the warrantless search of the vehicle due to his discovery of a drug pill bottle in plain view. *See* Findings of Fact and Conclusions of Law, 9/6/18, at 6. The trial court made no finding regarding whether exigent circumstances existed to justify the search.

After unsuccessfully litigating the pretrial motion to suppress, Appellant opted to plead guilty. In exchange for Appellant's plea to one count of persons not to possess firearms, the Commonwealth *nolle prossed* the remaining charges. The court noted that Appellant's firearm was loaded, the offense gravity score was ten, and that there was no agreement as to what sentence Appellant would receive. On December 7, 2018, Appellant was sentenced to a term of sixty to 120 months of incarceration, with credit for 243 days already served.

Appellant filed a timely post-sentence motion, arguing that his sentence was manifestly excessive, that the court erred in running his sentence consecutive to one imposed at another docket, and that the court relied upon a pre-sentence investigation ("PSI") report that contained a factual error. After holding a hearing and receiving argument from both sides, the trial court denied the post-sentence motion. Importantly, the court noted that it was aware of the typographical error in the PSI when it fashioned Appellant's standard-range sentence. After reinstatement of Appellant's direct appeal rights *nunc pro tunc*, this appeal followed.

Initially, counsel filed both an **Anders** brief and a petition to withdraw as counsel. In the brief, counsel raised one issue regarding the alleged excessiveness of Appellant's sentence and explained why this issue was frivolous. Meanwhile, the law surrounding warrantless searches of vehicles changed when our Supreme Court overruled **Commonwealth v. Gary**, 91

A.3d 102 (Pa. 2014). *See Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020).[1] While Appellant's case involved a warrantless vehicle search, counsel did not address *Alexander* in his *Anders* brief. Accordingly, we remanded so that Appellant could file an advocate's brief or second *Anders* brief addressing the ramifications of this change in the law when applied to Appellant's case. Counsel responded by filing an advocate's brief. The Commonwealth did not submit a second brief.

Appellant raises the following issue for our review: "Whether *Commonwealth v. Alexander*, 243 A.3d 17 (Pa. 2020), applies to this case." Appellant's Brief at 5.

Generally, new criminal rules apply to all criminal cases still pending on direct review in which the issue has been preserved at "all stages of adjudication up to and including direct appeal." *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa. 2001). However, it is well-established that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and

_____

[1] In *Gary*, a plurality of our Supreme Court held that police may conduct a warrantless search of a stopped vehicle if they have probable cause to do so, regardless of the lack of exigency beyond the vehicle's inherent mobility. *Gary*, *supra* at 104. In overruling *Gary*, our Supreme Court concluded that Article I, Section 8 of the Pennsylvania Constitution "affords greater protection to our citizens than the Fourth Amendment," re-affirming pre-*Gary* decisions that required police to have both probable cause **and** exigent circumstances before conducting a warrantless search of an automobile. *Alexander*, *supra* at 180-81, 208-09.

what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014).

Herein, Appellant initially preserved the issue of the existence of exigent circumstances in an omnibus pretrial motion challenging the warrantless vehicle search. However, Appellant later pled guilty, waiving all nonjurisidictional defects and defenses as well as his right to pursue pretrial motions. ***See Commonwealth v. Singleton***, 169 A.3d 79, 80-81 (Pa.Super. 2017) (reiterating the well-settled principle that by entering a guilty plea, a defendant waives all nonjurisdictional defects and defenses as well as his right to challenge anything but the legality of the sentence and the validity of the plea).

Appellant concedes that entry of a guilty plea generally prevents the review of pretrial motions. ***See*** Appellant's Brief at 7. Nonetheless, he argues that we can consider his pretrial suppression motion because if he had known that the law would change he would not have entered into the plea. ***Id***. at 11. Thus, Appellant seeks withdrawal of his guilty plea so that he can take advantage of ***Alexander***[2] by resurrecting his pretrial suppression motion. This he cannot do.

_____

[2] Our Supreme Court granted allocatur to review ***Alexander*** seven months after Appellant's post-sentence motion was denied. ***Alexander*** was decided after Appellant submitted his PCRA petition seeking reinstatement of his direct appeal rights, but before the PCRA court granted the petition.

Appellant proposes that his guilty plea should be reviewed "similar to the analysis under the PCRA if a plea is entered without understanding" because if he had been aware of *Alexander*'s pendency he would not have pled guilty. *Id*. at 10. However, as we explained in *Commonwealth v. Hickman*, 799 A.2d 136 (Pa.Super. 2002), an attempt to establish that a plea was unknowing or involuntary due to deficient legal advice sounds in ineffectiveness.

> A criminal defendant has the right to effective counsel during a plea process as well as during a trial. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' "

*Id*. at 141 (citations and quotations omitted).

Accordingly, Appellant's claim is an allegation that his plea was involuntary due to ineffective assistance of counsel. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reiterated its preference that claims pertaining to ineffectiveness be deferred to PCRA review.[3] "By way of summary, we hold that [the] general rule of deferral to PCRA review

---

[3] Our Supreme Court recently expanded the opportunities for a PCRA petitioner to raise claims of PCRA counsel ineffectiveness. *See Commonwealth v. Bradley*, ___ A.3d ___, 2021 WL 4877232 (Pa. 2021). However, since Appellant has not yet had the opportunity to file a PCRA petition that holding has no impact on our discussion here.

remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel; we disapprove of expansions of the exception to that rule[.]" **Id**. at 563. Notwithstanding this general rule, the Supreme Court created two limited exceptions, both falling within the trial court's discretion. The **Holmes** Court summarized the two exceptions as follows:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> . . . .
>
> Second, with respect to other cases and claims, including cases such as [**Commonwealth v.**] **Bomar**[, 826 A.2d 831 (Pa. 2003),] and the matter *sub judice*, where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called **Bomar** exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. . . . This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

**Id**. at 563-64 (footnotes omitted).

Herein, the change in the law occurred after the appeal was already pending in our court. Thus, the trial court has not had the opportunity to consider whether this claim would be meritorious. Additionally, Appellant did not allege any "good cause" for seeking unitary review of his ineffectiveness claim and did not state that he intended to waive collateral review. Thus, none of the exceptions outlined in **Holmes** are applicable here. The instant claim, therefore, is not reviewable on this direct appeal. **See id**. at 563-64; **Commonwealth v. Britt**, 83 A.3d 198, 204 (Pa.Super. 2013) (holding ineffectiveness claim not reviewable on direct appeal because claim was not apparent from record and appellant did not waive PCRA review).[4]

We find the claim waived due to Appellant's decision to plead guilty. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge McLaughlin joins the memorandum.

Judge Nichols concurs in the result.

---

[4] Nothing we say today forecloses Appellant from seeking relief, as he remains free to pursue his ineffectiveness claim through the PCRA. **See Commonwealth v. Orlando**, 156 A.3d 1274, 1282 (Pa. 2017) (reviewing denial of PCRA relief based on claim that trial counsel ineffectively advised a guilty plea).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021