J-S34031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NASIR ANTHONY MALIK GRANT | : | |
| | : | |
| Appellant | : | No. 625 MDA 2021 |

Appeal from the PCRA Order Entered April 22, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001705-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NASIR ANTHONY GRANT | : | |
| | : | |
| Appellant | : | No. 626 MDA 2021 |

Appeal from the PCRA Order Entered April 22, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001532-2019

BEFORE:    DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

DISSENTING MEMORANDUM BY McCAFFERY, J.:**FILED:FEBRUARY 23, 2022**

As I would reverse the orders of the PCRA court denying Appellant's

PCRA petition, I respectfully dissent.

The Majority aptly summarizes the factual allegations underlying

Appellant's multiple charges. The Majority also properly sets forth the relevant

law. ***See*** Majority Memo. at 1-4. I consider, however, in detail statements

made at the January 21, 2020, combined plea and sentencing hearing, as well as the testimony at the December 18, 2020, PCRA hearing. The same judge presided over both the plea and PCRA proceedings.

Appellant entered a negotiated guilty plea to multiple counts across two trial dockets, with the parties agreeing to an aggregate sentence of four to 10 years' incarceration. In his oral colloquy, Appellant acknowledged he understood the negotiated sentence was four to 10 years' imprisonment, and stated he had no further questions about the sentence. N.T., 1/21/20, at 6.

Relevant to this appeal, Appellant's attorney, William Shreve, Esquire (Plea Counsel), referred to boot camp in argument to the trial court:

> [Appellant] is 20 years old. He is very forthright in explaining that . . . this conduct is directly related to his use of illegal drugs. He's looking forward to making that change. Obviously, it is going to be through the assistance of the state correctional system, but **he is looking forward to that change through boot camp**. . . .

N.T., 1/21/20, at 7 (emphasis added). There was no further mention of boot camp, by Plea Counsel, the Commonwealth, or the trial court, nor was there any reference to boot camp in Appellant's written plea colloquy.

Subsequently, Appellant's July 30, 2020, timely, counseled amended PCRA petition alleged Plea Counsel provided ineffective assistance by: (1) mistakenly advising Appellant he was eligible for the prison boot camp program, where his plea to a firearms offense precluded his eligibility, unless the Commonwealth agreed to his eligibility; and (2) "erroneously advis[ing

him] of an incorrect prior record score." Appellant's Amended PCRA Petition at 5, 7, 9.

The PCRA court conducted an evidentiary hearing on December 18, 2020. Appellant appeared by video and testified to the following. On the day of the plea hearing, Plea Counsel informed him the Commonwealth was offering a plea deal, under which Appellant would plead to all charges and receive an aggregate four-to-10 year sentence. N.T., 12/18/20, at 5. Appellant asked whether boot camp was "an option," and Plea Counsel replied, "[B]oot camp can be waived in during the sentencing process." *Id.* Appellant believed boot camp was a part of the plea deal and it was "the only reason" he accepted it. *Id.* Had he known he was not eligible for boot camp, he would not have agreed to the plea deal. *Id.* at 6. Appellant first learned he was not, in fact, boot camp-eligible when Plea Counsel subsequently sent him a letter, advising him he was not eligible "based upon the length of the sentence[.]" *Id.* at 11.

Plea Counsel testified by telephone to the following. Prior to the plea hearing, he was aware that Appellant wished to participate in boot camp. N.T., 12/18/20, at 18. Plea Counsel asked the assistant district attorney (ADA) if they "would waive his ineligibility for boot camp." *Id.* at 19. The ADA responded, however, that "the Commonwealth would not waive his ineligibility," and in any event, "it was her understanding the Department of Corrections really didn't care if the Commonwealth did waive someone's

ineligibility for boot camp . . . he wouldn't be able to do that anyway." *Id.* at 19.

Plea Counsel further testified to the following. The Commonwealth offered the plea deal on the day of the plea hearing, January 21, 2020, and stated the offer would expire that same day. N.T., 12/18/20, at 17. Counsel could not recall specifically what he and Appellant discussed that day regarding the plea offer. *Id.* When asked whether Appellant "asked . . . specifically about his eligibility for boot camp," Plea Counsel responded, "I don't specifically recall that." *Id.* Plea Counsel further testified that when Appellant's present counsel informed him that he did advise Appellant he was boot camp-eligible, Plea Counsel stated, "[T]hat's ridiculous because he had a gun and that would have . . . made him ineligible." *Id.* Nevertheless, Plea Counsel acknowledged that he referred to boot camp at the plea hearing in argument to the trial court. *Id.* at 18.

On appeal, Appellant avers Plea Counsel was ineffective for mis-advising him he was eligible for the prison boot camp program, and this erroneous advice "was material to [his] decision to accept the plea bargain." Appellant's Brief at 15, 16. In support, Appellant cites Plea Counsel's statement, at the plea hearing, that Appellant was "looking forward to . . . change through **boot camp**." *Id.* at 16 (citation omitted). Appellant also refers to Plea Counsel's testimony, at the PCRA hearing, "that he [discussed] boot camp with both Appellant and the Deputy District Attorney[,] but never requested, at the time

of sentencing, that Appellant be made boot camp eligible." *Id.* at 17. Appellant contends "he was prejudiced by his counsel's advice and may have elected to go to trial had he known that he was not eligible for boot camp." *Id.* at 16. Appellant relies on *Commonwealth v. Hickman*, 799 A.2d 136 (Pa. Super. 2002), which held the defendant was "prejudiced by his plea counsel's advice to plead guilty on the mistaken belief [the defendant] would be eligible for boot camp and" thus the guilty plea was invalid. *Id.* at 16. Appellant requests relief in the form of withdrawal of his guilty plea, resentencing, and/or eligibility for boot camp. *Id.* I would conclude that he is entitled to relief.

In considering Appellant's claim, the PCRA court acknowledged Plea Counsel's "passing reference," at the plea hearing, that Appellant "was looking forward to a change through the boot camp program." Memorandum Order at 6. Nevertheless, the court observed there was no other mention of boot camp, and specifically, the "[t]he Commonwealth did not indicate, on the record, that it would waive [Appellant's] ineligibility into boot camp." *Id.* The court concluded:

> There is no evidence to suggest that [Appellant] would have gone to trial and that the outcome of the proceeding would have been different.[FN Appellant] did testify at [the] PCRA hearing that 'but for' the boot camp eligibility, [he] would have elected to proceed to trial. **This Court simply does not find that testimony credible.** The charges that were set forth and the maximum punishment that [Appellant] was facing indicate the contrary. [Appellant] did not present any witnesses at the PCRA hearing that would have contradicted the testimony presented by the Commonwealth at the time of the guilty plea. There was also

no mention of a possible trial strategy or mention by [Appellant] that he was indeed innocent of the crimes charged.[1]

---

[FN] To the contrary, had [Appellant] proceeded to trial and been· found guilty of all charges, he would have faced a significant prison sentence.

*Id.* at 7 & n.3 (emphasis added).

Finally, the PCRA court found unpersuasive Appellant's reliance on

*Hickman*:

In *Hickman*, our Superior Court held that counsel's incorrect advice that defendant would be eligible for boot camp program constituted ineffective assistance. However, in *Hickman*, the Commonwealth agreed that if he were otherwise eligible, it would have no objection to him participating in the boot camp program. It was even mentioned that the understanding of the agreement was for a four to eight year sentence with boot camp eligibility. [*Hickman*, 799 A.2d at 139.] The trial judge's sentencing order further indicated that the [d]efendant be deemed boot camp eligible as soon as the State determines he has served enough time. *Id.*

In the case at hand, the written guilty plea colloquy form which contained the terms of the plea agreement is void of any mention of boot camp eligibility. Additionally, at the time of the guilty plea and sentencing, no mention was made by the Commonwealth or the defense that boot camp eligibility was part of the agreement. Here, plea counsel merely mentioned in his closing remarks to the court that [Appellant] was looking forward to making a change through the boot camp program. This Court does not find that counsel's assistance falls below the "wide range of professionally competent assistance" demanded by the Sixth Amendment.

---

1 We note the victim in this matter — the other driver — reported the license plate of Appellant's car to police. N.T., 1/21/20, at 3. Police officers observed Appellant flee on foot from the car, subsequently apprehended him, and recovered a gun, crack cocaine, heroin, and methamphetamine pills from his person. *Id.* at 5.

Memorandum Order at 5 (some citations omitted).

I agree with the PCRA court that the facts presented in the case *sub judice* are distinguishable from those in **Hickman**. Nevertheless, I am persuaded by Appellant's arguments that he is entitled to relief. Plea Counsel was not merely aware of Appellant's desire to participate in boot camp; Plea Counsel contacted the ADA and requested boot-camp eligibility, but the ADA did not agree to it. N.T., 12/18/20, at 18-19. Appellant testified that on the day of the plea hearing, Plea Counsel told him the Commonwealth would "waive" his ineligibility — while Plea Counsel could not recall if they discussed boot camp that day. *Id.* at 5, 11, 17.

Under the circumstances presented, I disagree with the PCRA court's characterization of Plea Counsel's plea-hearing reference to boot camp as a "passing reference" that carried little or no significance. **See** Memorandum Order at 6. Plea Counsel specifically argued Appellant was "looking forward" to rehabilitation through boot camp. N.T., 1/21/20, at 7. There was no objection by the Commonwealth, nor any attempt by the trial court, the Commonwealth, or Plea Counsel to correct or question this misstatement. Appellant, a layperson, would only understand — as he testified — that his sentence would include boot camp. **See** N.T., 12/18/20, at 5 (indicating he thought boot camp "was part of the deal").

For the foregoing reasons, I would conclude the PCRA court erred in denying relief on Appellant's boot camp-claim. Under the particular facts

presented, Appellant has established that counsel's conduct caused him "to enter an involuntary or unknowing plea." **See Wah**, 42 A.3d at 338-39. Thus, I would reverse the order denying his PCRA petition, and remand for the PCRA court to conduct a hearing to determine whether Appellant wishes to withdraw his guilty pleas at both dockets. I would further direct the Commonwealth to advise the court and Appellant as to whether it will agree to boot-camp eligibility.[2]

At this juncture, I note the Majority has deemed waived Appellant's additional claim — that the Commonwealth misstated his birth year and thus his prior record score was calculated incorrectly. In light of my above discussion, I would not reach this issue, but note that if this case ultimately proceeds to re-sentencing, the parties and trial court may revisit any issues concerning Appellant's prior record score and/or sentencing guidelines.

For the foregoing reasons, I respectfully dissent.

---

[2] I offer no opinion as to whether Appellant should be deemed eligible for boot camp.