J-S08027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES BUSH | : | No. 1068 MDA 2023 |

Appeal from the PCRA Order Entered June 27, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001121-2020

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED: MAY 16, 2024**

The Commonwealth appeals from the order granting the first Post Conviction Relief Act (PCRA)[1] petition filed by James Bush (Bush). Bush's petition alleged his guilty plea to attempted homicide was rendered unknowing and involuntary by the ineffective assistance of trial counsel; the PCRA court agreed. After review, we affirm.

On June 29, 2020, the Commonwealth filed a criminal information charging Bush with eight counts of criminal attempt,[2] arising from an incident in which Bush allegedly fired a gun at an occupied vehicle. *See* N.T., 2/12/21,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 901(a).

at 5-6. The crimes underlying the attempt charges included two counts each of criminal homicide, aggravated assault – attempts to cause serious bodily injury with extreme indifference, aggravated assault – attempts to cause bodily injury with a deadly weapon, and recklessly endangering another person.[3]

Thomas Killino, Esquire (trial counsel), represented Bush. On February 12, 2021, Bush entered an open guilty plea to one count of attempted homicide, and the Commonwealth withdrew the remaining charges. N.T., 2/12/21, at 2-7.[4]

At sentencing on April 30, 2021, the parties agreed Bush's sentencing guidelines provided a standard range of 102 to 120 months, which included a 30-month enhancement for use of a deadly weapon. N.T., 4/30/21, at 2-3. Trial counsel requested a sentence within the standard range. *Id.* at 4. Trial counsel indicated Bush asked to "stay in the county [jail] system where's he's at." *Id.* at 5. Trial counsel further indicated he had explained to Bush that a county jail sentence was not a realistic outcome. *Id.* The Commonwealth noted, without objection by trial counsel, that Bush was ineligible for the

_____

[3] 18 Pa.C.S.A. §§ 2501(a), 2702(a)(1), 2702(a)(4), 2705.

[4] The parties agreed the attempted homicide charge had an offense gravity score of 13. N.T., 2/12/21, at 2.

Recidivism Risk Reduction Incentive (RRRI) program.[5]  ***Id.*** at 7.  The trial court imposed a standard-range sentence of 120 to 240 months in a state correctional facility.  ***Id.*** at 6.[6]

On October 8, 2021, Bush filed an untimely, *pro se* notice of appeal from his judgment of sentence.  On December 20, 2021, this Court quashed the appeal.  ***See Commonwealth v. Bush***, 1441 MDA 2021 (Pa. Super. 2021).

On May 10, 2022, Bush filed a timely, *pro se* PCRA petition, his first. The PCRA court appointed counsel (PCRA counsel) to represent Bush.  On August 12, 2022, PCRA counsel filed a supplemental petition.  The petitions claimed, *inter alia*, that Bush's guilty plea was unknowing and involuntary due to ineffective assistance of trial counsel.  Bush alleged that, prior to the plea, trial counsel did not explain the potential sentences Bush could receive. Rather, Bush claimed trial counsel advised that Bush would receive a sentence

---

[5] Under the RRRI Act, 61 Pa.C.S.A. §§ 4501-4512, eligible offenders may qualify for lower minimum sentences through their "participation in evidence-based programs that reduce the risks of future crime…." ***Id.*** § 4502.

[6] On July 9, 2020, the Commonwealth charged Bush, at a separate docket (CP-40-CR-0001250-2020), with two counts of possession of a firearm by a prohibited person and one count of receiving stolen property.  18 Pa.C.S.A. §§ 6105(a)(1), 3925(a).  On February 12, 2021, Bush pled guilty to one count each of possession of a firearm by a prohibited person and receiving stolen property.  N.T., 2/12/21, at 3, 6-7.  No particular sentence was agreed upon, but the Commonwealth agreed it would not object to a sentence imposed concurrent with the sentence in the instant case.  ***Id.*** at 3.  On April 30, 2021, the trial court imposed a sentence of 48 to 96 months in a state correctional facility, to be served concurrent with the sentence in this case.  N.T., 4/30/21, at 6.

of less than five years, with RRRI eligibility, and that Bush could get a county jail sentence. PCRA Petition, 5/10/22, at 4, 9, 11 (unpaginated); Supplemental PCRA Petition, 8/12/22, ¶¶ 3-5.

On May 2, 2023, the PCRA court held an evidentiary hearing and heard testimony from Bush and trial counsel. The PCRA court made the following findings:

> [Bush] testified that the only reason he pled guilty to attempted homicide was because his trial counsel made him believe that he would receive a county sentence of five to ten years of incarceration and be RRRI eligible. N.T., 5/2/23, at 10. [Bush testified, "Trial counsel] told me that … he was going to work hard at getting me that time; but he said if I was to get that time, I would only do three years and be RRRI eligible." *Id.* at 9. Trial counsel testified that prior to [Bush] pleading guilty, [trial counsel] discussed with [Bush] that the "best possible outcome would be for a county sentence," and that it would be possible for [Bush] to be RRRI eligible. *Id.* at 22-23, 29. Trial counsel did not believe a five to ten year sentence was possible, and did not know where [Bush] heard that range. *Id.* at 25-26. Trial counsel did not know [Bush's] prior criminal history until he received the [presentence investigation report (PSI)] prior to sentencing. *Id.* at 23, 29….
>
> Trial counsel did not know or seemingly [did not] ask whether [Bush] had a prior criminal history and could not provide an estimated sentence to [Bush] before pleading guilty. … Trial counsel led [Bush] to believe that a five to ten year county sentence with RRRI eligibility was possible, if not probable. Upon trial counsel's advice, [Bush] pled guilty, thinking he would receive [that] sentence. [Bush] would not have pled guilty had he known that a five to ten year county sentence was not possible.

PCRA Court Opinion, 6/27/23, at 3-4 (unpaginated) (record citations modified).

On June 27, 2023, the PCRA court granted Bush's petition.[7] The Commonwealth filed a timely appeal. The Commonwealth and the PCRA court have complied with Pa.R.A.P. 1925.

The Commonwealth presents a single issue for our review:

> [D]id the PCRA court err when it found [trial] counsel ineffective … [where Bush] failed to present sufficient evidence to support the PCRA court's grant of PCRA relief?

Commonwealth Brief at 3. The Commonwealth argues trial counsel did not guarantee Bush any particular sentence but merely indicated counsel would advocate for the best possible outcome. *Id.* at 14-15. The Commonwealth asserts Bush's plea cannot be rendered unknowing and involuntary merely because the trial court did not impose the sentence Bush had hoped for. *Id.* at 16.

Bush counters that the record supports the PCRA court's conclusion that trial counsel led Bush to believe that a five- to ten- year county sentence with RRRI eligibility was not only possible, but probable. Bush's Brief at 15. Bush maintains that a competent criminal defense attorney would have known Bush was not RRRI eligible and that a five- to ten- year county sentence was not a reasonable possibility. *Id.* at 16-22.

_____

[7] Though the PCRA court's June 27, 2023, order granting Bush's PCRA petition did not specify the form of relief granted, we infer the PCRA court granted Bush leave to withdraw his guilty plea. *See* PCRA Court Opinion, 6/27/23, at 3 (unpaginated) (referencing the "standard applicable to all post-sentence attempts to withdraw a guilty plea."); *see also* Supplemental PCRA Petition, 8/12/22, ¶ 6 (stating Bush "seeks to withdraw his guilty plea.").

Our scope and standard of review from an order granting PCRA relief are well settled:

> Our scope of review "is limited to the PCRA court's findings and evidence of record," viewed … in the light most favorable to … the party who prevailed before the PCRA court. **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020) (citing **Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011)). "Our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Wharton**, 263 A.3d 561, 567 (Pa. 2021) (quoting **Commonwealth v. Washington**, 927 A.2d 586, 593 (Pa. 2007)).

**Commonwealth v. Robinson**, 278 A.3d 336, 340 (Pa. Super. 2022) (citations modified; brackets omitted).

> A PCRA petitioner claiming ineffective assistance of counsel
>
> will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). To establish a claim of ineffectiveness, a PCRA petitioner must plead and prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. **Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011) (employing the ineffective assistance of counsel test from **Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987)). … Finally, because a PCRA petitioner must establish all the **Pierce** prongs to be entitled to relief, we are not required to analyze the elements of

an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citations modified).

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty…. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations and quotation marks omitted).

In *Commonwealth v. Hickman*, 799 A.2d 136 (Pa. Super. 2002), this Court determined plea counsel rendered ineffective assistance by erroneously advising the defendant he would be eligible for boot camp:

Specifically, plea counsel gave [the defendant] reason to believe he could be released from prison in two years and be eligible for parole six months later, when, in fact, [the defendant] was statutorily ineligible for release into the boot camp program and could not receive parole until he had served four years [of] imprisonment. Thus[,] based on an ignorance of relevant sentencing law, counsel's advice was legally unsound and devoid of any reasonable basis designed to effectuate [the defendant's] interests.

*Id.* at 141. We held "a plea's validity may be compromised when counsel issues erroneous advice on how the law will affect the duration of a client's sentence." *Id.* at 142. Determining the defendant had demonstrated "a reasonable probability that [he] would not have pled guilty but for plea

- 7 -

counsel's constitutionally deficient advice, we conclude[d] that his plea was involuntary and unknowing." *Id.*

In **Commonwealth v. Rathfon**, 899 A.2d. 365 (Pa. Super. 2006), we affirmed the PCRA court's finding of ineffective assistance, where the defendant pled guilty "in reliance on his plea counsel's misapprehension that his sentence would be served in a county facility, rather than a state facility." *Id.* at 366. Plea counsel "was apparently not aware that," because the defendant was serving a state sentence on unrelated crimes, "the Sentencing Code and [Department of Corrections] policy would result in aggregation of the sentences, which would preclude the possibility of [the defendant] serving the sentence in county jail." *Id.* at 371. The PCRA court found the defendant credible "when he testified at the PCRA hearing that he would not have pled guilty had he known the sentence would be served in state prison." *Id.*

Here, our review of the PCRA hearing testimony discloses Bush testified that, prior to his plea, trial counsel advised Bush his sentence would be no more than five to ten years; he would only serve three years because he was RRRI eligible; and he could receive a county sentence. N.T., 5/2/23, at 8-9. Bush further testified that he pled guilty because he believed he would receive a sentence in accordance with trial counsel's representation. *Id.* at 10. The PCRA court accepted Bush's testimony as credible. *See* PCRA Court Opinion, 6/27/23, at 3-4 (unpaginated); *see also Commonwealth v. Rizor*, 304 A.3d 1034, 1058 (Pa. 2023) (a PCRA court's credibility determinations "are to be

provided great deference," and "there is no justification for an appellate court, relying solely on a cold record, to review the fact-finder's first-hand credibility determinations." (citations, quotation marks, and brackets omitted)).

Our review confirms trial counsel testified that he advised Bush "that the best possible outcome would be for a [c]ounty sentence, but we wouldn't know … until after the plea and given what a PSI would reveal…." N.T., 5/2/23, at 29. Trial counsel also testified he advised it was possible for Bush to be RRRI-eligible, depending on the outcome of the PSI. *Id.* at 22-23.

The PCRA court concluded:

> Trial counsel's advice was not within the range of competence to be expected from criminal attorneys. Trial counsel did not know or seemingly [did not] ask whether [Bush] had a prior criminal history[8] and could not provide an estimated sentence to [Bush] before pleading guilty. Regardless, even assuming [Bush] had no prior criminal history, he would still have been ineligible for a county sentence, as the maximum allowable county sentence is two years[.] … [T]he minimum standard range for [attempted homicide] is more than two years, which does not include a deadly weapon enhancement that trial counsel should have realized would be included in calculating [Bush's] sentence. Further, [Bush] would not have been eligible for RRRI, as he used a deadly weapon.[9] **No competent criminal attorney would have**

---

[8] At sentencing, the Commonwealth noted Bush had a prior record score of 4. N.T., 4/30/21, at 2. His prior record included a robbery conviction. N.T., 2/12/21, at 6.

[9] The RRRI Act excludes from eligibility an offender who has "been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon…." 61 Pa.C.S.A. § 4503 (definition of "Eligible person," subsection (2)). The Act also excludes offenders convicted of attempted murder. *Id.* (subsection (3)). We agree with Bush's argument that trial counsel "did not have to know [Bush's] prior record or wait for a PSI to be generated" in order to know Bush was not RRRI eligible. Bush's Brief at 21.

**mentioned the possibility of a county sentence or RRRI**….
Trial counsel led [Bush] to believe that a five to ten year county
sentence with RRRI eligibility was possible, if not probable. Upon
trial counsel's advice, [Bush] pled guilty, thinking he would receive
[that] sentence. [Bush] would not have pled guilty had he known
that a five to ten year county sentence was not possible. Thus,
trial counsel's error induced [Bush] to plead guilty. Therefore,
[Bush's PCRA petition] has merit and is granted.

PCRA Court Opinion, 6/27/23, at 4 (unpaginated) (emphasis and footnotes added).

Viewed in the light most favorable to Bush as the prevailing party below, the record supports the PCRA court's factual findings. *See Rathfon*, 899 A.2d at 370 ("our standard of review requires that we grant great deference to the [PCRA] court and affirm its orders if supported by the record, even though the record may support a contrary result."). We discern no legal error in the PCRA court's conclusion that trial counsel rendered ineffective assistance. *See Hickman*, 799 A.2d at 142. Accordingly, the Commonwealth's issue merits no relief.

Order affirmed.

Judge Olson joins the memorandum.

P.J.E. Stevens notes dissent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/16/2024